UNITED STATES *v.* HARK ET AL., CO-PARTNERS, DOING BUSINESS AS LIBERTY BEEF CO.

No. 83. Argued December 8, 9, 1943.—Decided January 3, 1944.

*Mr. Paul A. Freund,* with whom *Solicitor General Fahy, Assistant Attorney General Berge,* and *Messrs. Charles H.*

*Weston* and *David London* were on the brief, for the United States.

*Mr. William H. Lewis,* with whom *Messrs. Leonard Poretsky* and *John H. Backus* were on the brief, for appellees.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

This appeal, prosecuted under the Criminal Appeals Act,[1] presents questions touching the jurisdiction of this court and the merits of the controversy.

Appellees were indicted December 21, 1942, for sales of beef in violation of Maximum Price Regulation No. 169, as amended, issued pursuant to the Emergency Price Control Act of 1942.[2] They moved to quash. The District Court rendered an opinion March 5, 1943, holding that, since the pertinent provisions of the regulation which the appellees were charged to have violated had been revoked prior to the return of the indictment, they could not be held to answer the charge.[3] The last sentence of the opinion was: "The motion to quash is granted."

Under date of March 5 the clerk made an entry in the docket as follows: "Sweeney, J. Opinion—Motion to quash is granted." There seems to be no dispute that some days later an additional entry was placed upon the docket bearing the date March 5 and reading: "Sweeney, J. Indictment quashed." It further appears that, upon application of the United States Attorney, Judge Sweeney, on March 31, signed a formal order quashing the indictment.[4] On the same day the clerk struck from the

---

[1] 18 U. S. C. § 682.

[2] 56 Stat. 23, 50 U. S. C. § 901, etc.

[3] 49 F. Supp. 95.

[4] "Sweeney, J.: This cause came on to be heard upon the defendant's motion to quash the indictment alleging that Maximum Price Regu-

docket the last mentioned entry dated March 5 and entered, under the date March 31, the following: "Sweeney, J. Order quashing indictment." On April 30 Judge Sweeney allowed a petition for appeal to this court.

The appellees moved to dismiss the appeal on the grounds that it was not seasonably taken for the reason that the decision upon the motion to quash made by Judge Sweeney in his opinion of March 5 constituted the judgment of the court; and that, as the appeal is not based upon the invalidity or construction of the statute upon which the indictment was founded, it was improperly taken to this court under the Criminal Appeals Act. We postponed consideration of the motion to the hearing on the merits.

*First.* The Criminal Appeals Act requires that any appeal to this court which it authorizes be taken "within thirty days after the decision or judgment [5] has been rendered." Neither the District Court nor this court has power to extend the period. If the opinion filed on March 5 constituted, within the meaning of the Act, the decision or judgment of the District Court, or if either of the docket entries bearing date March 5 constituted the final decision

---

lation No. 169 has been revoked by the Price Administrator, effective December 16, 1942, before the indictment was returned. This allegation was not denied by the Government. After hearing arguments of counsel for the defendant and of the United States Attorney, it is

Ordered that the indictment be and it hereby is quashed on the ground that the Regulation alleged to have been violated was revoked prior to the return of the indictment.

By the Court:

ARTHUR M. BROWN,
March 31, 1943.                                           *Deputy Clerk.*
GEORGE C. SWEENEY,
    U. S. D. J."

[5] The words "decision" and "judgment" as used in the Act are not intended to describe two judicial acts, but a single act described in alternative phrases. Cf. *Ex parte Tiffany,* 252 U. S. 32, 36.

or judgment, the appeal was untimely.[6] The circumstances disclosed require that we determine what constitutes the decision or judgment from which an appeal lies in this case. We are without the benefit of a rule such as Rule 58 of the Federal Rules of Civil Procedure which provides that "the notation of a judgment in the civil docket as provided by Rule 79 (a) constitutes the entry of the judgment; and the judgment is not effective before such entry."

The judgment of a court is the judicial determination or sentence of the court upon a matter within its jurisdiction. No form of words and no peculiar formal act is necessary to evince its rendition or to mature the right of appeal. And the modes of evidencing the character of the judgment and of attesting the fact and time of its rendition vary from state to state according to local statute or custom, from a simple docket entry or the statement of a conclusion in an opinion, to a formal adjudication, signed by the judge or the clerk, in a journal or order book, or filed as part of the record in the case. The practice in federal courts doubtless varies because of the natural tendency to follow local state practice. Unaided by statute or rule of court we must decide on the bare record before us what constitutes the decision or judgment of the court below from which appeal must be taken within thirty days after rendition.

In view of the diverse practice and custom in District Courts we cannot lay down any hard and fast rule. Where, as here, a formal judgment is signed by the judge, this is *prima facie* the decision or judgment rather than a state-

---

[6] There is no dispute that the entry of March 5, "Indictment quashed," was in fact not placed upon the docket for a number of days after March 5, but it was made before March 29. Even if the actual date when it was placed on the docket is to control, an appeal taken April 30 would be out of time.

ment in an opinion or a docket entry.[7]   In recent cases we have so treated it.[8]   But we are told by appellees that it is not the practice of the court below to require written orders, and that entry on the docket has always been considered as entry of judgment, and for this support is found in a letter from a deputy clerk of the court.   On the other hand, the appellant calls our attention to five cases brought here under the Criminal Appeals Act from the District Court for Massachusetts in each of which the record contains a formal order quashing an indictment, and in four of which there was an opinion as well as the formal order.[9]   In view of these facts, we think we should give weight to the action of the judge rather than to the opinion of counsel or of a ministerial officer of the court.   The judge was conscious, as we are, that he was without power to extend the time for appeal.   He entered a formal order of record. We are unwilling to assume that he deemed this an empty form or that he acted from a purpose indirectly to extend the appeal time, which he could not do overtly.   In the absence of anything of record to lead to a contrary conclusion, we take the formal order of March 31 as in fact and in law the pronouncement of the court's judgment and as fixing the date from which the time for appeal ran.

*Second.* This appeal is authorized by the Criminal Appeals Act.   That Act permits a direct appeal to this court, *inter alia,* from a judgment of a district court "sustaining

---

[7] In the federal courts an opinion is not a part of the record proper, *England* v. *Gebhardt,* 112 U. S. 502, 506; and in some jurisdictions the docket entries are not.

[8] *United States* v. *Resnick,* 299 U. S. 207; *United States* v. *Midstate Horticultural Co.,* 306 U. S. 161.   Compare *United States* v. *Swift & Co.,* 318 U. S. 442, 446.

[9] *United States* v. *Stevenson,* 215 U. S. 190; *United States* v. *Winslow,* 227 U. S. 202; *United States* v. *Foster,* 233 U. S. 515; *United States* v. *Farrar,* 281 U. S. 624; *United States* v. *Scharton,* 285 U. S. 518.

a special plea in bar." The material question is not how the defendant's pleading is styled but the effect of the ruling sought to be reviewed;[10] and we have, therefore, treated a motion to quash, the grant of which would bar prosecution for the offense charged, as a plea in bar within the purview of the statute.[11] The defense here was in bar of the prosecution; to sustain it was to end the cause and exculpate the defendants.

*Third.* We hold that revocation of the regulation did not prevent indictment and conviction for violation of its provisions at a time when it remained in force. The reason for the common law rule that the repeal of a statute ends the power to prosecute for prior violations[12] is absent in the case of a prosecution for violation of a regulation issued pursuant to an existing statute which expresses a continuing policy, to enforce which the regulation was authorized. Revocation of the regulation does not repeal the statute; and though the regulation calls the statutory penalties into play, the statute, not the regulation, creates the offense and imposes punishment for its violation.[13] *United States* v. *Curtiss-Wright Export Corp.,* 299 U. S. 304, is authority for the view that an indictable offense was charged.

The judgment is

*Reversed.*

MR. JUSTICE MURPHY, dissenting:

I cannot agree that this appeal was "taken within thirty days after the decision or judgment has been rendered," as required by the Criminal Appeals Act, 18 U. S. C. § 682. This appeal was allowed by Judge Sweeney of the District

---

[10] *United States* v. *Thompson,* 251 U. S. 407, 412; *United States* v. *Barber,* 219 U. S. 72, 78.

[11] *United States* v. *Oppenheimer,* 242 U. S. 85, 86.

[12] *United States* v. *Tynen,* 11 Wall. 88, 95; cf. *United States* v. *Chambers,* 291 U. S. 217 at 226.

[13] Cf. *United States* v. *Grimaud,* 220 U. S. 506, 522.

Court of Massachusetts on April 30, 1943, and is timely only if the formal order signed on March 31 constitutes the final decision or judgment. The particular circumstances of this case, however, forbid such a conclusion.

As the majority opinion states, the final decision or judgment from which the thirty-day appeal period runs requires no peculiar formal act or form of words. The effective act varies from court to court. But there is no doubt as to the practice in the District Court of Massachusetts. As stated by the deputy clerk of that court, whose duties and familiarity with the court's procedure lend great weight to his statements, "The practice in this District, on the receipt of an opinion granting a motion to quash, is to make an entry on the docket under the judge's name, 'Indictment quashed.' It is not the practice to have a written order." This statement, which appears to have had the approval of Judge Sweeney, clearly indicates that the final judgment in this case is to be found in the docket entry under the judge's name.

Judge Sweeney's opinion of March 5 granted the motion to quash the indictment. Pursuant to the District Court's practice, an entry on the docket under the judge's name, constituting the final judgment, would normally have been made on the same day, March 5. Because of inadvertence, however, the entry was not made until some time between March 25 and March 29. At that time the docket clerk made the following entry on the docket: "March 5. Sweeney, J. Indictment quashed." That entry thereby constituted the final and effective judgment. And assuming that this judgment was not entered until March 29, the allowance of this appeal on April 30 was out of time.

It is contended that the subsequent formal order signed on March 31 by Judge Sweeney is the effective judgment. But the procedure in this District Court makes clear that such formal written orders are unnecessary. It is the

simple docket entry which is the final decision or judgment of the court below.

Moreover, the circumstances surrounding the formal order of March 31 reveal no intention by Judge Sweeney to supersede the effect of the previous docket entry or to extend the time for appeal. The deputy clerk, in a letter written to the Department of Justice, has described the situation in these words:

"On or about March 31st, the Government presented a written order to me, and I accompanied the United States Attorney to Judge Sweeney's chambers. It was entirely new procedure for us to have a written order. I understand it was only because the United States represented that the Department of Justice wanted a written order in this case, so as to conform to the suggestion contained in Mr. Justice Jackson's concurring opinion in *United States* v. *Swift & Co.*, 318 U. S. 442, 446, that Judge Sweeney signed the order. I can recall that Judge Sweeney protested against the necessity of signing such an order when it was presented to him, but did sign it at the request of the United States Attorney. I also remember that Judge Sweeney said he was not going to adopt the practice of signing orders in all such future cases. When it came time to make an entry of this order in the books, I assumed that it was to take the place of the entry 'Sweeney, J. Indictment quashed', which was made between March 25th and March 29th, and I told the docket clerk making the entry to cross out the entry which had been made previously between March 25th and March 29th.

"When I wrote my letter to you, it seemed to me that I had told the Court that the entry of March 5 would necessarily be stricken out, but I find that the Court has no recollection of being so informed. There was no intention that the order of March 31 should extend the time for appeal, and it is the Court's recollection that he so stated to counsel.

"By direction of the Court, I am sending a copy of this letter to counsel for the defendant."

It thus clearly appears that the March 5 entry, which was actually made between March 25 and March 29, was intended to be the final decision or judgment of the District Court and that the appeal period began to run from the date of actual entry. The March 31 order was entered at the Government's insistence merely to conform to a suggestion of one Justice of this Court to the effect that "we would be greatly aided if the District Courts in dismissing an indictment would indicate in the order the ground, and, if more than one, would separately state and number them." *United States* v. *Swift & Co.*, 318 U. S. 442, 446. That order was thus no more than a clarification and reiteration of the March 5 judgment. It cannot be considered as a vacation of the prior judgment or as a new or amended judgment.

The very fact that Judge Sweeney stated that the March 31 order did not extend the time for appeal demonstrates his belief and intention that a valid final order had theretofore been entered. Some time after March 31 the deputy clerk on his own initiative ordered the March 5 docket entry stricken in the mistaken belief that it had been superseded. In its place was inserted the entry: "March 31. Sweeney, J. Order quashing indictment." Such action was obviously insufficient to change either Judge Sweeney's intention or the finality and effect of the March 5 entry for purposes of appeal to this Court.

Varying and uncertain rules governing criminal appeals are to be avoided whenever possible. Yet the effect of holding this appeal to be timely is to inject into the procedure of the court below an element of confusion and doubt. Heretofore parties to a criminal proceeding in the District Court of Massachusetts were entitled to rely on the docket entry, following an opinion granting a motion to quash, as the final decision or judgment.

They could calculate appeal periods from the date of that entry. Now they must risk the possibility that at an undeterminable later date one of the parties will convince the court that a formal order should be entered and that the time for appeal will start from that date. No reason of law or policy suggests itself in support of such uncertainty.

Judged by the fixed and simple practice of the court below in entering its final judgments, this appeal cannot be considered timely.

MR. JUSTICE DOUGLAS and MR. JUSTICE RUTLEDGE join in this dissent.