## UNITED STATES v. PHILIPP et ux.
### No. 12763.

District Court, E. D. Pennsylvania.
Dec. 31, 1945.

James P. McCormick, Asst. U. S. Atty., of Philadelphia, Pa., for plaintiff.

John M. Smith, Jr., of Philadelphia, Pa., for defendants.

BARD, District Judge.

Defendants moved to quash an indictment charging violation of the Second War Powers Act of 1942[1].

The violation charged is the wilful and unlawful use of joining hardware in the manufacture of toy rocking horses between July 1, 1944, and August 10, 1944, in violation of General Limitation Order L–81, 7 F.R. 2471, as amended November 24, 1942, 7 F.R. 9808. Subsequent to the return of the indictment, the War Production Board revoked General Limitation Order L–81 by an order published May 7, 1945, 10 F.R. 5074. The revocation order provides as follows: "General Limitation Order L–81 is hereby revoked. This revocation does not affect any liabilities incurred under the order. The manufacture and delivery of toys and games remain subject to all other applicable regulations and orders of the War Production Board."

Defendants contend that the penalty provisions of the Second War Powers Act of 1942 cannot be invoked after the revocation of the regulation promulgated thereunder which they are charged with violating. Defendants cite no authority in their brief to support their view and I have been unable to find support for their contention in the cases. On the contrary, the law appears to be that amendment or revocation of the violated regulation promulgated under the authority of the Second War Powers Act does not repeal the Act and, so long as the Act remains operative, violators of the revoked regulation may be indicted and prosecuted for violations occurring during the period when the regulation was in force. United States v. Hark, 320 U.S. 531, 64 S.Ct. 359, 88 L.Ed. 290; United States v. Curtiss-Wright Export Corp., 299 U.S. 304, 57 S.Ct. 216, 81 L.Ed. 255; United States v. Grimaud, 220 U.S. 506, 31 S.Ct. 480, 55 L.Ed. 563; United States v. Trilling, D.C.E.D.Pa., 51 F.Supp. 843.

Accordingly, the motion to quash the indictment is denied.

---

[1] Act of March 27, 1942, c. 199, Title III, § 301, 56 Stat. 177, 50 U.S.C.A.Appendix § 633.