**BOWLES, Price Administrator, v.
RICE et al.
No. 10083.**

Circuit Court of Appeals, Sixth Circuit.

Jan. 7, 1946.

David London, of Washington, D. C. (George Moncharsh, David London, and Albert M. Dreyer, Office of Price Administration all of Washington, D. C., Sam Weiner, of Cleveland, Ohio, and Hogan Yancey and Taylor N. House, both of Lexington, Ky., on the brief), for appellant.

[5] Cf. Muskogee County, Okl. v. United States, 10 Cir., 133 F.2d 61, 64.

Edward J. Tracy, of Cincinnati, Ohio (Edward J. Tracy, of Cincinnati, Ohio, on the brief), for appellees.

Before SIMONS, ALLEN, and MARTIN, Circuit Judges.

SIMONS, Circuit Judge.

The appellant, pursuant to authority under § 205 (a) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix § 925(a), sought an injunction or other order compelling obedience· by the appellees to Maximum Price Regulation No. 574. He sought to have them temporarily and permanently enjoined from paying higher than ceiling prices for live cattle slaughtered during any accounting period, and from violating other provisions of the regulation. On June 9 he secured a temporary restraining order. On June 14 there was a full hearing at the conclusion of which the district judge delivered an oral opinion denying temporary injunction, and entered a formal signed order which recites, "It is ordered that the restraining order heretofore entered be dissolved and the motion for temporary injunction be denied." It also continued the case on the docket until the next term of court.

Subsequently, on June 27, 1945, the court announced findings of fact and conclusions of law, and on the same day entered a second formal order denying the temporary injunction. Denial was grounded on failure of the evidence to present a sufficiently meritorious case for equitable relief, to show that violation was wilful, caused irreparable injury, or would continue. From the denial of the injunction, the Administrator appeals.

■ Whatever may be the merits of his grievance, we do not reach them. The appeal was noticed on July 24, 1945. It can be maintained only upon the authority of § 227 amending § 129 of the Judicial Code, 28 U.S.C.A. § 227, which provides that where an injunction is granted, continued, modified, refused or dissolved by an interlocutory order or decree, "The appeal to the Circuit Court of Appeals must be applied for within 30 days from the entry of such order or decree." The order of June 14 refused an injunction, it was interlocutory because by its terms the case remained upon the docket and was continued until the next term of court, and it was formally signed and entered more than 30 days prior to notice of appeal. The appellee moves to dis-

miss, but with or without such motion we have no jurisdiction to entertain the appeal.

■■ Section 227 is in no wise vague or ambiguous. Its terms are mandatory. They must be strictly construed. Kelsey Wheel v. Universal Rim Co., 6 Cir., 296 F. 616; Hyman v. McLendon, 4 Cir., 102 F.2d 189; George v. Victor Talking Machine Co., 293 U.S. 377, 55 S.Ct. 229, 79 L.Ed. 439. Neither the district court nor this court has power, either directly or by indirection, to extend the time for the taking of such appeal.

■ The appellant advances the contention that there was no decree or order until June 27 when the findings of fact and conclusions of law were filed, and thus that he is within the 30 day period. The contention must be rejected. The order of June 14 was an unequivocal denial of the prayer for temporary injunction, and from it an appeal could have been taken. Findings of fact and conclusions of law, necessary as they are, are but supplemental to an adjudication. It was said in United States v. Hark, 320 U.S. 531, 64 S.Ct. 359, 361, 88 L.Ed. 290, "Where * * * a formal judgment is signed by the judge, this is prima facie the decision or judgment rather than a statement in an opinion or a docket entry," and again, "He [the judge] entered a formal order of record. We are unwilling to assume that he deemed this an empty form." Whatever may have been the purpose of the second order on June 27, if indeed, as seems unlikely, it was anything more than mere inadvertence, we are, as was the court in the Hark case, unwilling to assume that "He acted from a purpose indirectly to extend the appeal time, which he could not do overtly."

It is quite true that for failure to make findings of fact reviewing courts have remanded cases for the making of such findings. Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 60 S.Ct. 517, 84 L. Ed. 774; Brown v. C. Quinlan, Inc., 7 Cir., 138 F.2d 228; Bowles v. Russell Packing Co., 7 Cir., 140 F.2d 354. These cases, however, are not authority for enlarging the statutory time for appeal and we know of no case where a formal adjudication has been set aside because findings, though made, did not precede or accompany it. It is likewise true that the first order in the present case was, on June 27, within the control of the court which had full power to vacate or modify it, but the court did

neither. When Union Guardian Trust Co. v. Jastromb, 6 Cir., 47 F.2d 689, was decided, this court did not have the benefit of the observations in United States v. Hark, supra. Moreover, the Jastromb case is to be distinguished on the ground that the second order therein, though it covered the same subject matter as the first, contained additional recitals and so gave rise to an inference that it was intended to supersede the earlier order. The orders in the present case are identical.

The appeal is dismissed.