## BOWLES, Price Administrator, v. ROYAL WINE & LIQUOR, Inc.

### No. 8881.

Circuit Court of Appeals, Seventh Circuit.

Feb. 22, 1946.

Edward Rothbart and Julius Rosenfield, both of Chicago, Ill., for appellant.

Fleming James, Jr., and Milton Klein, both of Washington, D. C., Geo. Leonard, Litigation Division Atty., of Chicago, Ill., and George Moncharsh, Deputy Administrator for Enforcement, David London, Chief, Appellate Branch, and Albert M. Dreyer, all of Washington, D. C. (Amos J. Coffman, Regional Atty., of Dallas, Tex., and Jacob Cohen, of Chicago, Ill., of counsel), for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

The Administrator of the Office of Price Administration sought an injunction enjoining defendant from violating Maximum Price Regulation 445 (8 F.R. 11161). A temporary restraining order was entered upon the Administrator's complaint and attached affidavits. After a hearing, the lower court entered an order awarding a preliminary injunction, and from this order defendant has appealed.

Defendant, an Illinois corporation, is engaged in the wholesale liquor business at Chicago, Illinois. Defendant employs seventeen salesmen to contact its customers and has been in business since 1934. The only question involved in the court below was whether defendant had violated MPR 445 by making tie-in sales. These are sales wherein a customer is allowed to purchase a desired article only by also purchasing a certain amount of an undesired article. This practice is clearly violative of the regulation mentioned.

The District Judge found as a fact:

"4. Defendant has since and including November 10, 1944, sold, offered to sell and delivered packaged distilled spirits at prices in excess of the maximum price therefor, as established under the provisions of Maximum Price Regulation No. 445, as amended,

and has evaded the price limitations set forth in said regulation with respect to packaged distilled spirits, by means of tying agreements requiring as a condition to the purchase of such packaged distilled spirits that its customers purchase some other packaged distilled spirits, item or commodity."

Defendant contends that this finding is without substantial support, but even so that the court abused its discretion in awarding an injunction. Furthermore, it is contended that even though the injunction was proper, it is too broad in scope.

The evidence relative to this finding is in sharp conflict: Plaintiff's witnesses, customers of defendant, testified that as a condition to purchasing bonded whiskey (an article in high demand) they were required to purchase wine, rum or brandy (articles with less demand). Defendant's witnesses, its salesmen, contradicted this testimony. It is apparent that this conflict was to be resolved by the lower court. The court resolved the conflict against defendant and this resolution cannot be disturbed by us. Accepting the court's finding as we must, we think there was no abuse of discretion in the issuance of an injunction.

This brings us to the more serious question as to the scope of the injunction. Defendant vigorously urges that the injunction is too broad. Specifically, the defendant objects to the language in the injunction which restrains it from violating price ceilings not presently established but which may be established by regulations hereafter adopted by the Administrator. We set forth below the pertinent provisions of the injunction as entered. The italicized portions are the ones to which defendant objects. Defendant was enjoined from directly or indirectly:

"(a) Selling, delivering, soliciting the sale of, or offering for sale or delivery, or attempting or agreeing to sell packaged distilled spirits at prices in excess of the maximum prices established therefor under the provisions of Maximum Price Regulation No. 445, *as now or hereafter amended, or any other Office of Price Administration regulation which may hereafter be issued establishing maximum prices for the sale of packaged distilled spirits, as said latter*

*regulation may hereafter be amended or revised;* and

"(b) Evading the price limitations contained in Maximum Price Regulation No. 445, *as now or hereafter amended or revised,* in connection with any offer, solicitation, agreement, sale or delivery, whether or not by means of tying agreements requiring as a condition to the purchase of packaged distilled spirits that defendant's customer or customers purchase some other packaged distilled spirits, item or commodity;

"(c) Otherwise violating Maximum Price Regulation No. 445, *as now or hereafter amended,* or violating *any other regulation or order which may hereafter be issued pursuant to the Emergency Price Control Act of 1942, as amended* [50 U.S.C.A.Appendix § 901 et seq.], *establishing maximum prices for packaged distilled spirits.*"

The propriety of the scope of this injunction depends, in our judgment, upon the interpretation which may properly be placed upon it. No question is raised but that it is directed solely at maximum prices for packaged distilled spirits as fixed by the existing regulation, an amended regulation, or a new regulation which may be promulgated by the Administrator concerning the same subject matter. As thus interpreted, we are of the view that the injunction is not vulnerable to attack because of its scope. No good purpose could be served in citing or discussing the numerous cases which have dealt with a similar situation. Our conclusion finds support in Bowles, Price Administrator v. Montgomery Ward & Co., Inc., 7 Cir., 143 F.2d 38; Bowles, Administrator v. May Hardwood Co. et al., 6 Cir., 140 F.2d 914; Bowles, Administrator v. Leithold et al., 3 Cir., 155 F.2d 124. See also United States v. Hark, 320 U.S. 531, 536, 64 S.Ct. 359, 88 L.Ed. 290. In sustaining the injunction, we are not unmindful of defendant's reliance upon National Labor Relations Board v. Express Publishing Co., 312 U.S. 426, 61 S.Ct. 693, 85 L.Ed. 930, and New York, New Haven and Hartford Railroad Co. v. Interstate Commerce Commission, 200 U.S. 361, 26 S. Ct. 272, 50 L.Ed. 515. We think these cases are not controlling in the instant situation.

The order appealed from is affirmed.