### UNITED STATES v. TANTLEFF, and three other cases.

### Nos. 229, 234, 242, 243.

Circuit Court of Appeals, Second Circuit.

April 10, 1946.

Writ of Certiorari Denied June 10, 1946.

See 66 S.Ct. 1374.

---

[5] Keele so testified.

Henry G. Singer, of Brooklyn, N. Y., for appellant Julius Tantleff.

Joseph H. Wackerman, of Brooklyn, N. Y., for appellant Robert Lieberman.

Morris E. Packer, of Brooklyn, N. Y. (Neil M. Lieblich, of New York City, on the brief), for appellant Irving Malbin.

Louis J. Castellano, of Brooklyn, N. Y. (Sam S. Seitz, of Brooklyn, N. Y., on the brief for Milton Weil), for appellants Milton Kallenberg and Milton Weil.

Vine H. Smith, Asst. U. S. Atty., of Brooklyn, N. Y. (J. Vincent Keogh, U. S. Atty., and Maurice Z. Bungard, Asst. U. S. Atty., both of Brooklyn, N. Y., on the brief), for the United States.

Before L. HAND, CLARK, and FRANK, Circuit Judges.

CLARK, Circuit Judge.

While the defendants pleaded guilty to the respective informations filed against them, they preserved their objections of law by seasonable motions to quash the informations, in arrest of judgment and for vacation of judgment. As to each defendant the main claim of error is that the price regulation he was found to have violated, Revised Maximum Price Regulation No. 169, for the wholesale prices of beef, issued under the Emergency Price Control Act of 1942, § 2, 50 U.S.C.A. Appendix, § 902, was invalid for lack of the prior approval of the Secretary of Agriculture which is required for a regulation of an "agricultural commodity" under § 903(e) of the Act. In answer to the contention that such a claim could be raised only before the specially constituted Emergency Court of Appeals, under the decision in Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834, they urge that this is the one matter of the regulation void "on its face" left open in that case. But even that matter seems no longer open, in view of the 1944 amendment to 50 U.S.C.A.Appendix, § 924(e), establishing a procedure (not sought here) designed to meet all questions raised by the Court and providing for stay of the criminal proceeding while the issue of validity is raised in good faith before the special court. At least that was our express holding in United States v. George F. Fish, Inc., 2 Cir., 154 F.2d 798. Moreover, the cases are quite clear that this particular claim is not within the area reserved by the Court for future decision. Rosensweig v. United States, 9 Cir., 144 F.2d 30, certiorari denied 323 U.S. 764, 65 S.Ct. 117; Bowles v. American Brewery, 4 Cir., 146 F.2d 842; Shrier v. United States, 6 Cir., 149 F.2d 606, certiorari denied 66 S.Ct. 34; Bowles v. Dairymen's League Co-op. Ass'n, D.C. S.D.N.Y., 61 F.Supp. 358.

Other contentions are without merit. That the Administrator may certify facts of violation to the Attorney General, "who may, in his discretion, cause appropriate proceedings to be brought" under § 925(b) of the Act, certainly does not change the normal method of instituting criminal proceedings in the United States courts or require special allegations in the information. See the well-reasoned statement in United States v. Ganz, D.C.Mass., 48 F. Supp. 323, followed in United States v. Friedman, D.C.Conn., 50 F.Supp. 584, and United States v. Harris, D.C.W.D.Pa., 54 F.Supp. 563. The regulation can hardly be held repealed by implication by a later regulation covering a different field—live cattle and calves—or by the Administrator's citation of this new regulation in denying defendants' protests; nor would a repeal bar prosecution for an earlier violation. United States v. Hark, 320 U.S. 531, 536, 64 S.Ct. 359, 88 L.Ed. 290.

Convictions affirmed.