**COFFEY v. SMITH, District Director, et al.**

No. 9225.

Circuit Court of Appeals, Seventh Circuit.

Dec. 24, 1946.

George E. Leonard, Isadore L. Kovitz, and Jacob Cohen, Office of Price Administration, all of Chicago, Ill., and David London and Albert M. Dreyer, Office of Price Administration, both of Washington, D. C., for appellants.

Joseph Lieberman, of Milwaukee, Wis., for appellee.

Before EVANS, KERNER, and MINTON, Circuit Judges.

PER CURIAM.

Plaintiff brought suit to enjoin defendants, officials of the Office of Price Administration, from enforcing an order revoking plaintiff's authorization to sell used cars in excess of the "as is" prices. The order was issued pursuant to the provisions of Maximum Price Regulation 540 (9 F.R. 6434).

Plaintiff is engaged in the business of buying and selling used automobiles. Prior to the issuing of the revocation order, a "Notice of Hearing," charging the violation of § 15(b) of Maximum Price Regulation 540, was served on plaintiff, to determine whether plaintiff should be prohibited from selling used automobiles for more than the "as is" prices provided by the regulation. Plaintiff appeared at the hearing. Evidence was submitted and after consideration thereof, the order of revocation was issued.

After the filing of the complaint, defendants moved to dismiss on the grounds that plaintiff sought to have the court pass upon the validity of the regulation and to enjoin the enforcement of it—remedies which are specifically prohibited by § 204 (d) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix § 924(d), and that Paul A. Porter, Administrator, Office of Price Administration, was a necessary and indispensable party defendant. The court, however, overruled the motion, entered findings of fact, and granted an injunction pendente lite. The basis of the court's order was that the revocation order was void. Defendants appeal.

The Supreme Court has held that § 204(d) of the Emergency Price Control Act grants exclusive original jurisdiction on questions of validity to the Emergency Court of Appeals and that this section is constitutional. Lockerty v. Phillips, 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339; Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834. See also United States v. Tantleff, 2 Cir., 155 F.2d 27. It is also settled that this section applies not only to a regulation of general applicability, but also to an individual order such as is involved here. Bowles v. Willingham, 321

U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892, and Martini v. Porter, 9 Cir., 157 F.2d 35.

· The order is reversed and the cause is remanded to the District Court with instructions to dismiss the complaint.