### JONCO AIRCRAFT CORP. v. FRANKLIN et al.

Civ. A. 5122.

United States District Court
N. D. Texas, Dallas Division.

June 14, 1953.

Judgment Reversed Nov. 9, 1953.

See 74 S.Ct. 126.

Alto B. Cervin, Dallas, Tex., J. Rex Spurr, Shawnee, Okl., and John K. Pickens, Washington, D. C., for plaintiff.

Wallace C. Franklin Jr., Dallas, Tex., for defendants.

Before HUTCHESON, Chief Circuit Judge, ATWELL, Chief Distict Judge, and DAVIDSON, District Judge.

ATWELL, Chief Judge.

The plaintiff is a Delaware corporation with its principal office in Shawnee, Oklahoma. The defendants are citizens of Dallas, Texas. More than $3,000 are involved, exclusive of interest and costs.

The plaintiff seeks relief from a threatened hearing before the defendant on complaint filed by the Wage Stabilization Board, alleging that it is not in compliance with the orders and statutes of the United States. That a hearing by said Board, and the consequent penalties and punishments, for which the plaintiff has no legal remedy at law, make it imperative that such hearing be not held, and that a restraining order issue from this court.

After a careful analysis of the plaintiff's bill, the court concluded and called for the organizing of a three-judge court in

accordance with the statute, and, thereupon, Senior United States Circuit Judge of the Fifth Circuit was notified, and regulation notices were given to the Attorney General of the United States.

Such three-judge court heard the complaint, the answer thereto, and the arguments and testimony thereon, on Thursday, June 11, 1953, and conclude that the temporary restraint should be made permanent.

The plaintiff is engaged in the manufacture of precision tools and parts for the aircraft industry, and its plant is in Shawnee, Oklahoma. It is the largest producer of its kind in the mid-west, operating under fifteen prime national defense contracts, which include a majority of principal manufacturers of military aircraft. In excess of 98% of its production is for the national defense.

The defendants assert the power, as shown under E.S.A. General Order No. 15, to disallow a prior and unauthorized alleged payroll of plaintiff as of November 24, 1952, in the amount of $111,000, in addition to a total payroll of $575,000 for the period August 29, 1952 to February 2, 1953.

The burden and injury, because of the deprivation of Internal Revenue tax requirements and other penalties, fines, and indictments, required plaintiff to seek court refuge. See Defense Production Act 1950, as amended, 66 Stat. 296, Title 50 U.S.C.A.Appendix, § 2061 et seq.; also, General Order No. 15. 17 Federal Register 2994. Treating of the disallowance of wage payments, even for the entire amount. That such determination "shall be final and not subject to review by the Tax Court of the United States, or, by any court in any civil proceeding. See also Bureau Internal Revenue ruling IT–4105, wherein it announces disallowance for tax purposes wage payments in amount certified to it by the economic stabilization agency. No provision is made for the review of such certifications by the Bureau of Internal Revenue."

The recital of the above is sufficient without going through the entire category, to show the seriousness of the penalties liable to be imposed upon the plaintiff.

The allegation is made that such Defense Production Act, as amended, is unconstitutional.

See such cases as United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477; Bailey v. Drexel Furniture Co., 295 U.S. 20, 42 S.Ct. 449, 66 L.Ed. 817; United States v. Constantine, 296 U.S. 287, 56 S.Ct. 223, 80 L.Ed. 233; Lilly v. Commissioner of Internal Revenue, 343 U.S. 90, 72 S.Ct. 497, 96 L.Ed. 769, and National Life Ins. Co. v. United States, 277 U.S. 508, 48 S. Ct. 591, 72 L.Ed. 968.

Upon such questions as the delegation of legislative power, there is a line of decisions which classes it unconstitutional. See Carter v. Carter Coal Co., 298 U.S. 238, 56 S.Ct. 855, 80 L.Ed. 1160; Panama Refining Co. v. Ryan, 293 U.S. 388, 55 S.Ct. 241, 79 L.Ed. 446. There are no standards with which the President could be guided in determining the policy or wishes of Congress.

█ An order of the Board is subject to review by the designated court, and only when sustained by the court may the order be enforced. Upon that review all questions of the jurisdiction of the Board and the regularity of its proceedings, all questions of constitutional right or statutory authority, are open to examination by the court. N. L. R. B. v. Jones & Laughlin Steel Corp., 301 U.S. 1, 45, 57 S.Ct. 615, 81 L.Ed. 893. See also Stark v. Wickard, 321 U.S. 288, 309, 64 S.Ct. 559, 83 L. Ed. 733; Social Security Board v. Nierotko, 327 U.S. 358, 369, 66 S.Ct. 637, 90 L.Ed. 718; St. Joseph's Stockyards Co. v. United States, 298 U.S. 38, 73, 56 S.Ct. 720, 80 L.Ed. 1033. And these holdings support plaintiff's entrance here, and it is not obliged to pursue any so-called administrative remedy.

█ However, defendants contend that since the General Savings Statute, 1 U.S. C.A. § 109, saves the liability for illegal wage payments made during the life of the Act, therefore, perforce administrative enforcement continues. That statute is concerned only with the preservation of judicial proceedings and it never has been contended or held that such savings statute pre-

served administrative proceedings. U. S. v. Hark, D.C., 49 F.Supp. 95, reversed on other grounds, 320 U.S. 531, 64 S.Ct. 359, 88 L.Ed. 290, rehearing denied 321 U.S. 802, 64 S.Ct. 517, 88 L.Ed. 1089; Rodgers v. U. S., 6 Cir., 158 F.2d 835 reversed on other grounds, 332 U.S. 371, 68 S.Ct. 5, 92 L.Ed. 3.

It is also contended, and the contention seems to be correct, that the National Enforcement Commission has not been continued in existence by any executive order after April 30, 1953. The complaint against the plaintiff was issued on April 1, 1953 by the Board which acted through defendant Franklin, and who still purports to act. However, there has been no Wage Stabilization Board since December, 1952, when its members resigned.

Quite recent decisions in this field may be found in Woodworth Co. v. Kavanagh, D.C., 102 F.Supp. 9, affirmed 6 Cir., 202 F. 2d 154. Also, in Aircraft & Diesel Equipment Corporation v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 1503, 91 L.Ed. 1796, Mr. Justice Rutledge said, " * * * The presence of constitutional questions, coupled with a sufficient showing of inadequacy of prescribed ministrative relief and of threatened or impending irreparable injury flowing from delay incident to following the prescribed procedure, has been held sufficient to dispense with exhausting the administrative process before instituting judicial intervention."

Helpful also, in this interesting search for controlling authorities, are, Skinner & Eddy Corporation v. United States, 249 U.S. 557, 39 S.Ct. 375, 63 L.Ed. 772; Columbia Broadcasting System v. United States, 316 U.S. 407, 62 S.Ct. 1194, 86 L.Ed. 1563; Public Utilities Commission v. United Fuel Gas Co., 317 U.S. 456, 63 S.Ct. 369, 87 L.Ed. 396; Miguel v. McCarl, 291 U.S. 442, 54 S.Ct. 465, 78 L.Ed. 901.

Likewise only a tripartite board, the members of which must be appointed by the President, by and with the advice and counsel of the Senate, as required by the Defense Production Act.

■ This is not a suit against the United States. The defendants cannot seek protection of their ultra vires acts by claiming that it is against the United States. Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628.

"Quite recent cases by two three-judge statutory courts may be helpful. They are Grand Central Aircraft Co. v. Allen, D.C. N.D.Cal., 114 F.Supp. 389, interlocutory injunction granted May 28, 1953 (defendant's motion for stay order to U. S. Sup. Ct. filed June 5, 1953, denied in memorandum order June 15, 1953, 345 U.S. 988, 73 S.Ct., Page 1128. Also Dumbarton Bridge v. Norbeck, D.C.N.D. of Calif., No. 32722 Civil, and Harold Peters v. Rasell, D.C.N.D. of Ill., Civil No. 53C982 (preliminary injunction entered May 15, 1953). Judge Holtzoff granted the same relief in Hoffman Machinery Co. v. National Enforcement Commission, D.C., Dist. of Columbia, Civil No. 2125–53 (preliminary injunction entered May 29, 1953)."

The defendants concede that the entire violative payroll can be disallowed, and it is hardly logical for them to also assert that the amount of disallowance would be less than $10,000, or that they would only disallow such amounts for tax purposes, and would not disallow such wage payments as items of costs under plaintiff's government contracts. They cannot assure us that other statutory and administrative penalties would not be invoked at some time in the future, because they have no control over decisions of the National Enforcement Commission.

The facts set forth in the affidavit of Paul Willis show that plaintiff will suffer irreparable damage. For an indefinite period plaintiff will be subjected to the possibility of a huge penalty in the form of a disallowance for tax purposes, and in computing costs under its government contracts.

In the case of Woodworth v. Kavanagh, supra, plaintiff company received a determination on February 12, 1953, relating to its income tax liability for the years 1944 and 1945.

In addition, the Reconstruction Finance Corporation, and the participating bank, will call its loan a revolving credit fund

from which plaintiff is making its weekly payrolls, and the Air Force under its non-procurement policy, to allow sub-contracts to be let only to financially sound companies, will direct that plaintiff receive no more sub-contracts for tooling and aircraft parts. These are realities and require relief.

From the foregoing it seems to us that irreparable injury will be suffered by the plaintiff if restraint is not granted and made permanent.

HUTCHESON, Chief Circuit Judge, dissents.