DIMOCK, District Judge.
Plaintiff’s notice of motion asks for an order that certain attached proposed findings of fact and conclusions of law be submitted to me for my determinations thereon on the ground that they are timely and in accordance with Rule 52 F.R. Civ.P. The principal purpose of the motion is evidently to determine whether a notation, “Judgment in favor of defendant” made in the clerk’s Civil Docket on July 2, 1958, constituted the entry of a judgment. If it was the entry of a judgment plaintiff’s ten days to ask for findings and conclusions under Rule 52 has expired and, incidentally, but more important, plaintiff’s time to appeal, as prescribed by Rule 73(a), has expired.
The applicable provisions of law are to be found in Rule 58 “Entry of Judgment” and 79(a) “Civil Docket”.
The relevant part of Rule 58 reads:
“When the court directs that a party recover only money or costs or that all relief be denied, the clerk shall enter judgment forthwith upon receipt by him of the direction; but when the court directs entry of judgment for other relief, the judge shall promptly settle or approve the form of the judgment and direct that it be entered by the clerk. The notation of a judgment in the civil docket as provided by Rule 79(a) constitutes the entry of the judgment; and the judgment is not effective before such entry. The entry of the judgment shall not be delayed for the taxing of costs.”
The relevant part of Rule 79(a) reads:
“The clerk shall keep a book known as ‘civil docket’ * * * and shall enter therein each civil action to which these rules are made applicable. * * * All papers filed with the clerk * * * all appearances, orders, verdicts, and judgments shall be noted chronologically in the civil docket * * *. These notations shall be brief but shall show * * * the substance of each order or judgment of the court. * * * The notation of *481 an order or judgment shall show the date the notation is made.”
These consolidated actions brought to obtain an injunction pursuant to section 27 of the Securities Exchange Act of 1934, 15 U.S.C. 78aa, 48 Stat. 902, were heard before me. During the hearings I expressed my views as to the proof and, at their close, on July 2, 1958, I announced, “In my discretion I will deny the injunction”. The clerk of the part where the cases were heard immediately sent a memorandum to the clerk of the court reading in part “Jul 2 1958 Trial Continued. Judgment in favor of Defendant. Dimock J.” The clerk of the court thereupon made the above quoted entry in the civil docket: “Judgment in favor of defendant.” The clerk of the court has never advised the plaintiff of the entry of judgment despite the requirement of Rule 77(d) that he do so in case of every such entry.
In announcing “I will deny the injunction” I had no intention one way or the other as to the entry of judgment. The announcement was simply my determination of the ease. I neither knew nor considered whether or not it would result automatically in the entry of judgment. As will hereinafter appear, however, that intention is irrelevant except as indicated by action.
The announcement meets the letter of the test of Rule 58: “[w]hen the court directs * * * that all relief be denied”. The delivery of the memorandum of the clerk of the part to the court clerk meets the letter of the test of Rule 58: “upon receipt by [the clerk] of the direction”. The notation by the court clerk in the civil docket meets the letter of the test of Rule 58: “the clerk shall enter judgment forthwith” and of Rule 79(a): “[t]hese notations shall * * show * * * the substance of each order or judgment”.
On July 8, 1958, six days after my decision and the notation in the civil docket, counsel for plaintiff appeared before me urging that the decision was incorrect and asked, “Would your Honor consider an informal application now being made to withhold the entry of the order denying the injunction and permit the Commission to make a formal application to your Honor for reargument on a day to be fixed in the relatively near future by the Court”. After further colloquy I said that I did not think there would be “any advantage to anybody to hold up the entry of judgment in this case”. Counsel for plaintiff stated, however, that if I had no objection he would like to file a formal motion for reargument.
From counsel’s request for delay in entering the order denying the injunction I presumed that the judgment had not been entered. I had no other reason for believing so. Again, however, my intention is important only as evidenced by action.
Counsel for plaintiff cite United States v. F. & M. Schaefer Brewing Co., 356 U. S. 227, 78 S.Ct. 674, 676, 2 L.Ed.2d 721, as authority for the proposition that the notation was not the entry of a judgment. In that case the formal judgment was for money but the earlier notation merely read “Decision rendered on motion for summary judgment. Motion granted. See opinion on file.”
The Supreme Court held that the subsequently signed paper and the clerk’s entry thereof were the pronouncement and entry of judgment. The court summed up its reasons therefor in the final paragraph of the opinion, as follows, 356 U.S. at pages 235-236, 78 S.Ct. at page 679:
“The actions of all concerned — of the judge in not stating in his opinion the amount, or means for determining the amount, of the judgment; of the clerk in not stating the amount of the judgment in his notation on the civil docket; of counsel for the Government in not appealing from the ‘opinion’; of counsel for respondent in preparing and presenting to the judge a formal ‘judgment’ on May 24; and,
*482 finally of the judge himself in signing and filing the formal ‘judgment’ on the latter date — clearly show that none of them understood the opinion to be the judge’s final act or to constitute his final judgment in the case. Therefore, as in Hark [United States v. Hark, 320 U.S. 531, 64 S.Ct. 359, 88 L.Ed. 290], we must take the court’s formal judgment of May 24 and the clerk’s entry thereof on that date as in fact and in law the pronouncement and entry of the judgment and as fixing the date from which the time for appeal ran.”
This statement of the court shows that the touchstone is the understanding of the court, the parties and the clerk, as evidenced by their actions, as to whether the direction of the judge on which the clerk has acted was “the judge’s final act” and constituted his “final judgment in the case”. It shows also that this understanding of the court, counsel and clerk as to the finality of the judge’s direction may be gathered from their attitude toward the clerk’s notation. In other words they are presumed to have been aware of the law under which a final judgment would automatically have been entered if the direction of the judge had been “the judge’s final act” and, since they treated the entry as not constituting a judgment, to have concluded that the judge's direction could not have been his final act.
Applying these rules of the Schaefer case, the finding is inescapable here that the court, counsel for the plaintiff and the clerk all understood that the direction of July 2 was not the judge’s final act and did not constitute his final judgment in the case. That appears in the case of the court since he spoke of not holding up the entry of judgment although the notation of July 2 had already been made. It appears in the case of the plaintiff for the same reason and for the reason that he did not appeal. It appears in the case of the clerk for he did not send out the notice to the plaintiff required by Rule 77(d).
While, on the bare record of the court’s direction, its communication to the clerk and the clerk’s entry in the civil docket, final judgment was entered on July 2, 1958, it appears from other actions of the court, plaintiff’s counsel and the clerk, relevant under the rules of the Schaefer case, that none of them considered the direction of the court to be his final act or to constitute his final judgment in the case. Under the rules of the Schaefer case, this means that the notation of July 2 was not a final judgment.
Plaintiff's time to request findings of fact and conclusions of law has therefore not expired. Defendant may serve and file objections and/or counter requests within ten days after the publication of a note of this opinion in the New York Law Journal.