Clarence Victor CARNES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6314.

United States Court of Appeals
Tenth Circuit.

May 24, 1960.

No appearance for appellant (Clarence Carnes presented a brief per se).

John M. Amick, Asst. U. S. Atty., Oklahoma City, Okl. (Paul W. Cress, U. S. Atty., Oklahoma City, Okl., with him on the brief), for appellee.

Before PICKETT and BREITEN-STEIN, Circuit Judges, and SAVAGE, District Judge.

PICKETT, Circuit Judge.

Clarence Victor Carnes is now confined in the United States Penitentiary at Alcatraz, California, where he is serving a life sentence for the crime of kidnapping. He challenges the validity of the judgment and sentence in this proceeding which was properly treated by the United States District Court for the Western District of Oklahoma as a motion under 28 U.S.C.A. § 2255. The principal grounds set forth in the motion are that Carnes did not have effective assistance of counsel prior to the entry of his plea of nolo contendere; that he was coerced into entering the plea; and that the same was not competently, intelligently or voluntarily made. After a full hearing, the motion was denied.

At the outset, the United States raises a jurisdictional question, contending that the notice of appeal was not filed in time. On May 2, 1958, at the conclusion of the hearing and in the presence of Carnes, the court announced from the bench:

"It will be the judgment of the court that the motion to vacate the sentence in this case, No. 14,788, is hereby denied. You will prepare an order along that line."

On the same day the Clerk made the following notation on his docket: " * * * Court denies motion of deft and deft remanded to custody of U. S. Marshal to be returned to Alcatraz. (Wallace)" On September 4, 1959, approximately sixteen months later, the court's signed findings of fact and conclusions of law were filed. The last sentence of these findings and conclusions reads:

"Whereupon, the Court being fully advised in the premises, motion of the defendant to vacate and set aside the sentence is denied."

Twenty-four days after the entry of the last order, Carnes filed his notice of appeal.

The filing of a notice of appeal within the time provided by Rule 73(a), Fed.Rules Civ.Proc., 28 U.S.C.A., is essential to the jurisdiction of the Court of Appeals. Martin v. United States, 10 Cir., 263 F.2d 516; Lobato v. Pay Less Drug Stores, Inc., 10 Cir., 261 F.2d 406; Stone v. Wyoming Sup.Ct., 10 Cir., 236 F.2d 275. The United States contends the court's oral order of May 2, 1958, announced in the presence of Carnes and his attorney, was a final and complete act of adjudication, leaving nothing further to be determined and causing the time for appeal to begin to run from that date. We have no doubt that a final judgment, contained in a separate document so labeled, is not necessary to start the running of the time for taking an appeal. Beacon Federal Savings & Loan Ass'n v. Federal Home Loan Bank Bd., 7 Cir., 266 F.2d 246, certiorari denied 361 U.S. 823, 80 S.Ct. 70, 4 L.Ed.2d 67. There is no statute or rule that specifies the elements essential to a final judgment. For the purpose of an appeal, a final judgment is the court's act or pronouncement which disposes of the matter under consideration. United States v. Hark, 320 U.S. 531, 64 S.Ct. 359, 88 L.Ed. 290; In re Forstner Chain Corp.,

1 Cir., 177 F.2d 572, 576. When the Judge acts in a manner which clearly indicates his intention that the act shall be the final one in the case, and a notation of the act has been entered on the docket, the time to appeal begins to run under Rule 73(a). But if it is not clearly indicated that the Judge's act was intended to be his final act in the case, and if it appears that a formal judgment is contemplated, then the time for appeal does not begin to run. United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721. In this case, when the Judge announced from the bench that the motion was denied, he directed the preparation of "an order along that line." It appears to us that the court contemplated there would be a formal order denying the motion, particularly as 28 U.S.C.A. § 2255 provides that when a hearing has been granted, the court shall "determine the issues and make findings of fact and conclusions of law with respect thereto." United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; United States v. Cook, 7 Cir., 208 F.2d 114; Michener v. United States, 8 Cir., 177 F.2d 422. From the record as a whole, including the showing that a formal order was signed at a later date,[1] we conclude that the Judge did not intend his declaration from the bench to be his final act, but did intend that a formal order denying the motion would be prepared and signed by him. Therefore the notice of appeal was timely filed.

On the merits, the appeal is without substance. Carnes was charged jointly with two other defendants in the Western District of Oklahoma with the crime of kidnapping. The court appointed an experienced attorney to represent the three defendants.[2]

Carnes claims that he was misled as to the charges against him and the penalties therefor, and that his plea of nolo contendere was not voluntarily made. At the hearing these allegations were contradicted, not only by his former attorney, Mr. Hyde, but also by the F.B.I. agents and the prosecuting authorities of the United States who handled the case. The evidence shows that prior to the plea, Carnes was advised that the kidnapping charge in the indictment did not involve capital punishment since the victim had been released unharmed. This disposes of the contention that the plea was entered solely because of the frightening prospect of a possible death sentence attendant upon a plea of not guilty. The legal effect of a plea of nolo contendere is as conclusive as to the guilt of the defendant as a plea of guilty. United States v. Norris, 281 U.S. 619, 50 S.Ct. 424, 74 L.Ed. 1076; Tseung Chu v. Cornell, 9 Cir., 247 F.2d 929, certiorari denied 355 U.S. 892, 78 S.Ct. 265,

1. In United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 235, 78 S.Ct. 674, 679, 2 L.Ed.2d 721, the court quoted from United States v. Hark, 320 U.S. 534, 535, 64 S.Ct. 361, as follows:

"* * * 'Where, as here, a formal judgment is signed by the judge, this is *prima facie* the decision or judgment rather than a statement in an opinion or a docket entry. * * * The judge was conscious, as we are, that he was without power to extend the time for appeal. He entered a formal order of record. We are unwilling to assume that he deemed this an empty form or that he acted from a purpose indirectly to extend the appeal time, which he could not do overtly. In the absence of anything of record to lead to a contrary conclusion, we take the formal order of March 31 as in fact and in law the pronouncement of the court's judgment and as fixing the date from which the time for appeal ran.' United States v. Hark, 320 U.S., at [pages] 534–535 [64 S.Ct. at page 361]. See also United States v. Higginson, [1 Cir.], 238 F.2d 439, 443."

2. Herbert K. Hyde, the appointed attorney, was admitted to the practice of law in Oklahoma in 1923. He had been an Assistant County Attorney of Logan County, Oklahoma, had served as Assistant United States Attorney for the Western District of Oklahoma, and as United States Attorney for that District for six years. Subsequently he was engaged in the practice of law in Oklahoma City until 1953 when he became Chief Trial Counsel for the General Services Administration in Washington, D.C. He has been practicing law in Oklahoma City since 1957.

2 L.Ed.2d 190; Fisher v. Schilder, 10 Cir., 131 F.2d 522; United States v. Lair, 8 Cir., 195 F. 47, certiorari denied 229 U.S. 609, 33 S.Ct. 464, 57 L.Ed. 1350. The defendants, including Carnes, were well represented by a very able and experienced attorney.[3]

Affirmed.

3. After the court announced its decision on the present motion, Carnes made this statement to the court: "Your Honor, I'd like to say that I hold no ill [in] my heart toward the Court for its decision, and I feel that the Court could not have rendered any other decision in view of the evidence given."