The ASSOCIATED PRESS, Plaintiff-Appellee,

v.

TAFT-INGALLS CORPORATION, Defendant-Appellant.

No. 15514.

United States Court of Appeals Sixth Circuit.

Oct. 7, 1963.

Taft, Stettinius & Hollister, Robert T. Keeler, Robert G. Stachler, Cincinnati, Ohio, for defendant-appellant, on brief in opposition to motion to dismiss.

Cohen, Baron, Druffel & Hogan, Timothy S. Hogan, Cincinnati, Ohio, for plaintiff-appellee, on brief in support of motion to dismiss.

Before WEICK, O'SULLIVAN and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge.

This cause is before the Court on the motion of appellee to dismiss the appeal on the ground that the notice of appeal was not filed within the time allowed by Rule 73 of the Federal Rules of Civil Procedure, that is, within thirty days from the entry of judgment.

In the action below appellee (Associated Press, hereinafter referred to as plaintiff) brought suit against appellant (Taft-Ingalls, hereinafter referred to as defendant) to recover damages for breach of a contract concerning use of plaintiff's wire services. Defendant answered and filed a counterclaim alleging violations of the antitrust laws.

The district judge, sitting without a jury, found for plaintiff. On April 5, 1963, the trial judge filed with the clerk of the court and sent to the attorneys a document entitled "Memorandum Opinion," ordering that plaintiff recover from

defendant damages in the sum of $158,-703.43. On the same day, the clerk made the following entry on the civil docket:

"4–5–63. Memorandum Opinion— (Judge Battisti, Steubenville U. S. Dist. Court) finding issues raised in the complaint in favor of the Plaintiff, and that the Defendant has failed to prove the issues raised in the affirmative defenses and counterclaim. Accordingly, it is ordered that Plaintiff recover from the Defendant damages in the sum of $158,703.43 the amount shown in the amended complaint, with interest from July 26, 1958, together with costs in this action."

The clerk did not send notice of this entry to the parties.

An affidavit of one of the attorneys for defendant filed in the record states that it is the practice among lawyers appearing in the courts of the Southern District of Ohio for the attorney representing the prevailing party in a case tried without a jury to prepare the judgment entry for submission to the opposing lawyer and to the court. Apparently with this in mind, defendant's counsel telephoned one of plaintiff's local counsel and asked the latter not to prepare a judgment entry at that time for presentation to the trial judge, stating that he expected to file certain requests for findings before the judgment was put down. Plaintiff's counsel replied that defendant's counsel could have all the time he wished before preparation of the entry and asked that he be advised when defendant's attorney was ready to have the judgment prepared.

Subsequently, defendant made various motions and requests for further findings, all of which were overruled by the trial judge, and orders to that effect were appropriately entered in the docket.

On June 26 defendant's counsel was informed that plaintiff, through its associate counsel in New York, was taking the position that the Court's memorandum opinion of April 5th and the entry made by the Clerk on the docket that day constituted the judgment in the case, and

that plaintiff's counsel did not intend to prepare a judgment entry. Thereupon defendant's counsel prepared a judgment entry which was signed by the judge and filed by the clerk. This entry was filed on June 28th and concludes as follows:

"It is Hereby Ordered, Adjudged and Decreed that the Plaintiff be, and it hereby is, granted judgment against Defendant for its damages in the amount of $158,703.43 with interest from July 26, 1958, together with its costs; that Defendant's counterclaim be, and it hereby is, dismissed with prejudice and at Defendant's costs.

"To all of which Defendant excepts."

Defendant contends that this was the judgment entry in the case, while plaintiff contends that the April 5th memorandum opinion and the entry made by the Clerk on the civil docket on that date was the entry of judgment. The notice of appeal was filed July 23rd, which was within the 30 days allowed by Rule 73 if the June 28th entry was the judgment, but obviously too late if the April 5th opinion and entry constituted in fact a judgment entry. Thus we have here, as one judge expressed it, "the old, old question of when is a judgment a judgment." Cedar Creek Oil & Gas Co. v. Fidelity Gas Co., 238 F.2d 298 (C.A. 9).

It should be noted that Rule 58 of the Federal Rules of Civil Procedure has been amended so as to require that every judgment shall be set forth on a separate document. This presumably will prevent situations such as the instant one from arising in the future. This amendment, however, was effective July 1, 1963, and therefore is not applicable to the present case.

There are no hard and fast rules for determining what is a judgment; past cases have set certain boundaries and announced generalizations, but essentially every case must be determined on its own facts. The Supreme Court recently said that it "has adopted essentially practical tests for identifying those

judgments which are, and those which are not, to be considered 'final'." Brown Shoe Co. v. United States, 370 U.S. 294, 306, 82 S.Ct. 1502, 1513, 8 L.Ed.2d 510.

In United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721, a leading case in this area, the earlier opinion of the trial judge did not include the amount of damages to be recovered, and the Court held this to be a determinative factor in deciding that a later formal judgment was the "final judgment." In the present case the memorandum opinion did include the amount of damages awarded. This, however, is not the sole criterion. In the Schaefer case the Court laid down other factors to be considered. In viewing these factors the focus should be on the intention of the trial court "as gathered from the record as a whole," and the actions of the trial judge, the parties and their attorneys may be considered.

■ As another court expressed it: "[T]he touchstone is the understanding of the court, the parties and the clerk, as evidenced by their actions." Securities and Exchange Comm. v. Jean R. Veditz Co., 22 F.R.D. 479, 482 (S.D. N.Y.). Though there is room for disagreement as to what is sufficient to constitute a judgment, it seems agreed that this is the proper approach to the problem. Thus, in determining which entry constituted the final judgment in the instant case, we look to the actions of the trial court, the clerk, the parties and their attorneys and determine from them which of the entries in fact was intended to be the entry of a final judgment.

■ First and most important, the trial judge did sign and enter a formal judgment, under date of June 28, 1963. This act weighs heavily against the contention that the earlier opinion and entry constituted the final judgment. As the Supreme Court said: "Where, as here, a formal judgment is signed by the judge, this is *prima facie* the decision or judgment rather than a statement in an opinion or a docket entry." United States v. Hark, 320 U.S. 531, 534–535, 64 S.Ct. 359, 361, 88 L.Ed. 290. The rea-

son for this is: "The judge was conscious, as we are, that he was without power to extend the time for appeal. He entered a formal order of record. We are unwilling to assume that he deemed this an empty form or that he acted from a purpose indirectly to extend the appeal time, which he could not do overtly." 320 U.S. at 535, 64 S.Ct. at 361, 88 L.Ed. 290.

■ Other courts have used the same reasoning to conclude that a formal entry of judgment was the final judgment, and not an earlier opinion. United States v. Higginson, 238 F.2d 439 (C.A. 1); Cedar Creek Oil & Gas Co. v. Fidelity Gas Co., 238 F.2d 298 (C.A. 9). In both of those cases the earlier opinion and docket entry came more closely to being a final judgment entry than the opinion and entry of April 5th in the present case. This Court will not assume that in filing a formal judgment, the district judge performed an unnecessary and meaningless act.

Further, the clerk did not mail copies of the April 5th docket entry. Rule 77 (d), Federal Rules of Civil Procedure, requires that the clerk mail notice of the judgment entry to the parties and to make a note on the docket of the mailing. This would indicate that the clerk did not understand the opinion to be the entry of judgment. It is true that failure to mail copies does not affect the time to appeal, but still this is a factor to be considered in ascertaining the understanding of one of the parties. Danzig v. Virgin Isle Hotel, Inc., 278 F.2d 580 (C.A. 3).

The fact that defendant did not appeal within 30 days from the entry of the memorandum opinion indicates that it did not consider this to be a judgment. This, of course, is not determinative, but it is still another factor to be considered. United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 235, 78 S.Ct. 674, 2 L.Ed.2d 721. Also, the record establishes to our satisfaction that plaintiff's local counsel stated that he would prepare a judgment entry, thereby evidencing that he did not at that time con-

sider the earlier opinion and entry to constitute the final judgment. The record indicates that it was the New York counsel for plaintiff who later took a position to the contrary.

Further we deem it significant that the memorandum opinion and entry prepared by the clerk did not include the word "judgment." While it is settled that there are no required forms or words to constitute a judgment, it has been said that: "It is difficult to conceive of a Clerk purporting to engage in an act of 'notation of a judgment' or 'entry of the judgment' under the Rules, without some use of the term 'judgment' itself in relation to the act, in view of the fixed identity and characterizing significance which the word has in the field of the law." Brown v. United States, 225 F.2d 861, 863 (C.A. 8). Moreover, cases have held that an earlier docket entry did not constitute a judgment though it included the word. Securities and Exchange Comm. v. Jean R. Veditz Co., 22 F.R.D. 479 (S.D.N.Y.); United States v. Higginson, 238 F.2d 439 (C.A. 1); Cedar Creek Oil & Gas Co. v. Fidelity Gas Co., 238 F.2d 298 (C.A. 9).

Counsel for defendant had no reason in the instant case to understand that the memorandum opinion and the clerk's entry of April 5, 1963, constituted an entry of judgment. Furthermore, in communications with adversary counsel he was led to believe that a formal judgment was forthcoming. "It would be an unfair entrapment of a party to require him to understand and treat as a judgment an entry which was not so intended and did not so appear." Danzig v. Virgin Isle Hotel, Inc., 278 F.2d 580, 582 (C.A. 3). As said in Blanchard v. Commonwealth Oil Co., 294 F.2d 834, 837 (C.A. 5): "The Federal Rules are not intended to create procedural traps for the parties."

Under all of the circumstances here present, and in light of the apparent understanding of all the parties, we conclude that the memorandum opinion and the entry the clerk dated April 5th was not intended or understood at that time to constitute the final judgment, and that the final judgment was entered June 28th. Therefore the notice of appeal, having been filed on July 23rd, is timely.

We have considered all authorities cited by plaintiff, including Marten v. Hess, 176 F.2d 834 (C.A. 6), Repan v. American President Lines, Ltd., 243 F.2d 876 (C.A. 2), Erstling v. Southern Bell Telephone & Telegraph Co., 255 F.2d 93 (C.A. 5) and Barta v. Oglala, 259 F.2d 553 (C.A. 8), and find that they are distinguishable on their facts from the instant case.

Nothing in this opinion is intended to reflect in any way upon any of the attorneys participating in this case, all of whom are shown to have represented their clients with diligence and zeal and to have acted in good faith.

The motion to dismiss the appeal is denied.