Byron A. GILLAM, Plaintiff,

v.

A. SHYMAN, Inc., formerly Alaska Distributors Co., Inc., a corporation; Al Shyman, personally; K & L Distributors, Inc., a Washington corporation; Joe Hart; Russ Eddy; Irving Zeigman; Anheuser-Busch, Inc.; Manischewitz Wine Co., a corporation; Mogen David Wine Corporation, a corporation; Hiram Walker & Sons, Inc., a corporation; Canada Dry Ginger Ale, Inc., a corporation; The Calvert Distilling Co.; The Old Taylor Distilling Co.; The American Distilling Co., Inc.; Olympia Brewing Co., Inc.; Fleischmann Distilling Corporation; Joseph Schlitz Brewing Co.; Stanley Levine; Irving Levine; John Kearney; and Jack Guard, Defendants.

No. A-14484.

District Court, Alaska
Third Division, Anchorage.
Oct. 29, 1958.

Bell, Sanders & Tallman, Anchorage, Alaska, for plaintiff.

Plummer & Delaney, Anchorage, Alaska, and Bogle, Bogle & Gates, Seattle, Wash., for defendants A. Shyman, Inc., Joe Hart and Russ Eddy.

Wayne D. Calderwood, Anchorage, Alaska, for defendant Al Shyman as an individual.

Wendell P. Kay, Anchorage, Alaska, for defendant Jack Guard.

S. J. Buckalew, Jr., Anchorage, Alaska, for defendant John Kearney.

Peter J. Kalamarides, Anchorage, Alaska, and Franco & Bensussen, Seattle, Wash., for defendants K & L Distributors, Inc., and Irving Zeigman.

McCARREY, District Judge.

This is an anti-trust suit and comes before the court upon a motion made by the plaintiff to require the defendant Al Shyman, Inc., to pay costs and to strike the answer of defendant Al Shyman, Inc., for the reason that one Al Shyman failed to appear at the noticed time for the taking of the deposition. Although named as one of the defendants in the case, the defendant Al Shyman was not served; however, counsel did appear for him in the early stages of the case, but the Court is now advised by other counsel that counsel appearing for Al Shyman earlier was not authorized to do so.

As will be noted from the caption of this case, the defendants are numerous. Among them appears the corporation A. Shyman, Inc., which has been served through its agents in Alaska, Hart and Eddy, and which has formally appeared.

Many motions have been filed by the various litigants and the file is voluminous, as is generally the circumstance in this type of case.

Counsel for the plaintiff caused the following notice of taking to be served upon certain attorneys of record and a subpoena duces tecum upon the wife of the defendant Al Shyman, at Seattle, Washington. The notice served was as follows:

"In the District Court for the District of Alaska, Third Division

| | |
|---|---|
| "Byron A. Gillam,<br><br>Plaintiff,<br><br>vs.<br><br>A. Shyman, Inc., formerly<br>Alaska Distributors Co., Inc.,<br>a corporation, et al.,<br><br>Defendants. | No. A-14,484<br>Notice to Take Deposition |

"To

The above named Defendants, and S. J. Buckalew, Jr., Wendell P. Kay, Plummer & Delaney and Peter Kalamarides, their attorneys of record:

"Please Take Notice that at 10:00 o'clock A. M. on the 12th day of September, 1958, in Room 1621 of the Northern Life Tower building at Seattle, Washington, the plaintiff, Byron A. Gillam, will take the deposition of Al Shyman upon oral examination pursuant to the Federal Rules of Civil Procedure, before Joe Wheeling, reporter and Notary Public. The oral examination will continue from day to day until completed.

"Bell, Sanders & Tallman
Attorneys for plaintiff
"By: /s/ Bailey E. Bell
Bailey E. Bell"

The subpoena duces tecum which was served was as follows:

"United States District Court
for the

|  |  |
|---|---|
| "Byron A. Gillam, | Civil Action File No.<br>Subpoena |
| vs. | Duces Tecum |
| A. Shyman, Inc., formerly Alaska<br>Distributors Co., Inc., a corporation,<br>et al. | |

"To

Al Shyman

"You Are Hereby Commanded to appear in Room 1621, Northern Life Tower, Seattle, Washington,            District of        , at Seattle            in the city of            Washington, on the 12th day of September, 1958, at 10:00 o'clock A.M. to testify on            deposition                            in the above entitled action, and you are to bring with you the documents and records described in the hereto attached list.

"August 29, 1958.

"Bell, Sanders & Tallman            Wm. A. Hilton            ,

_Attorney for Plaintiff_            _Clerk_

Box 1599, Anchorage, Alaska            By   /s/   Rosemary Rice

_Address_            _Deputy Clerk._
(Seal)

"Return on Service

"Received this subpoena at            September 4th, 1958            on
            and on 9/8/58            at 11:25 A. M.

I served it on the within named by substitution by serving Mrs. Al Shyman, his wife by delivering a copy to her and tendering to her the fee for one day's attendance and the mileage allowed by law.[1]

"Dated 9/8/58            , 1958.            /s/   J. Winkenwerder

            By   J. Winkenwerder

"Service Fees
            Travel      1.00   $
            Services   1.00
            ─────
            Total      2.00

"Subscribed and sworn to before me, a Notary Public            this ninth day of September, 1958.

"/s/   Muriel L. Penn

            Muriel L. Penn

"Note:—Affidavit required only if service is made by a person other than a United States Marshal or his Deputy.

"[1]. Fees and mileage need not be tenderd to the witness upon service of a subpoena issued in behalf of the United States or an officer or agency therof. 28 USC 1825."

"Documents and Records to
Be Produced

"1. All of the following described items in your possession and custody, or in the possession and custody of A. Shyman, Inc., formerly Alaska Distributors, Inc., which pertain in any way to the sale of liquor to any retail or wholesale liquor dealer in the Territory of Alaska:

"General ledgers, journals, or day-books, books of account of ledger accounts, bank statements, checkbooks or check stubs and cancelled checks, cash books, cash register tapes, balance sheets, profit and loss statements, inventories, reports of audit, federal income tax returns, property tax statements on Alaska property, license tax statements, liquor tax statements, contracts, orders, invoices, shipping documents, receipts, bills, debit or credit memoranda, inter-office memoranda, file memoranda, documentary enclosures referred to in any of the foregoing, and any other documents serving the functions of any of the above classes of documents, whether customarily described as above or not.

"2. Originals or copies of any kind (including printed, mimeographed, carbon, ditto, photostat, microfilm, etc.) of letters, telegrams, cablegrams, notes and memoranda (including memoranda of conversations by telephone or face to face) in either direction between the firm of A. Shyman, Inc., formerly Alaska Distributors, Inc., or you personally, and any of the following:

(a) Any governmental or public body or officer having power to regulate liquor retailers.

(b) Any supplier or potential supplier of liquor;

(c) Any purchaser or potential purchaser of liquor;

(d) Any defendant herein;

(e) Any employee or former employee of plaintiff or of any defendant;

(f) The Anchorage office of A. Shyman, Inc., formerly Alaska Distribu-

tors, Inc., from January 1, 1957 up to the 12th day of September, 1958; concerning business transacted and business refused with all persons, or corporations, in Alaska, as well as controversies or disputes between the plaintiff and any of the defendants, application by plaintiff for a liquor retail store license in or about March of 1957 and up to the present date, meetings of defendants in or after March, 1957, all written or oral agreements among defendants in or after March 1957.

"3. All records and correspondence concerning restraints caused by any of the defendants, of trade and commerce in the wholesale and retail sales of liquor or other beverages in, or to be shipped or transferred to, Alaska; all records and correspondence showing efforts of plaintiff to buy any brand of liquor or beverage; all records and correspondence concerning monopolies of commerce by any of the defendants.

"4. All sound tapes, together with an instrument for playing them back, which in any way pertain to the sale of liquor to Byron A. Gillam d/b/a Kutrate Kid, or to the refusal by any person or firm to sell to him."

As the file discloses, the wife of the defendant Al Shyman, who was served with the subpoena for Al Shyman, notified one of counsel for the defendant Al Shyman, Inc., that a subpoena for Mr. Shyman had been served on her. Counsel for Mr. Shyman, who was then absent from the City of Seattle, phoned Mr. Shyman that a subpoena duces tecum for him had been served upon his wife and also advised the defendant not to obey the subpoena as counsel was of the opinion that it was not proper.

In conformance with the subpoena duces tecum and notice, the plaintiff's counsel made a trip to Seattle in an attempt to take Al Shyman's deposition. He incurred expenses in the sum of $549.86.

The plaintiff argues that the defendant, Al Shyman, is an officer or man-

aging agent of the corporation. However, a thorough check of the file in the case reveals that the complaint lists him only as a distributing agent. It is obvious that a distributing agent is not synonymous with an officer or managing agent. Plaintiff further argues that notice to take the deposition of Al Shyman was notice to take the deposition of Al Shyman, Inc., through its president, Al Shyman. This is contrary to the facts. Both the notice and subpoena refer to defendant Al Shyman in his individual and not his representative capacity.

The only question to be decided is whether in a notice of taking a deposition it is necessary to name a corporate official in his official representative capacity in order to invoke the penalties of Rule 37(d), Fed.R.Civ.P., 28 U.S.C.A., for failure to appear at the time and place designated in the notice for the taking of his deposition.

While an exhaustive search has been made to find a case in point, I find that there is a paucity of authority on this precise point. The only case on the subject is Harry Van Tilzer Music Publishing Company v. Feist, D.C.1941, 2 F.R. D. 96, which indicates that a corporation agent must be named in his official capacity to be properly noticed that he will be deposed for the corporation. I find that since the notice of taking as against Al Shyman was not in his official representative capacity (See Rule 30(a), Fed. R.Civ.P., case law cited supra), it was not sufficient to render appropriate any remedies for failure to appear under the rules. Rule 37(d), Fed.R.Civ.P., supra.

The subpoena duces tecum calling on Al Shyman to appear personally as a witness fails because it was not personally served and was not issued out of the federal court having jurisdiction over his person. A careful reading of the notice and the subpoena leads me to believe that plaintiff did not know in what capacity it was trying to depose Shyman, as the list of articles to be brought to the deposition hearing includes both corporate and personal records of the defendant Shyman. Further indication that plaintiff was confused in his procedure is found in the fact that if Shyman was a party defendant, he did not need a subpoena to force him to appear, only a notice. If Shyman was to appear in his corporate capacity, he did not need a subpoena either as the corporation was a qualified defendant. The only need for a subpoena would be if plaintiff considered Shyman a witness and as this seems to have been the case, it was not properly served.

For the reasons stated, the motion to strike the answer of the defendants and for costs is denied.