CAREY, BAXTER & KENNEDY, INC.,
Appellant,

v.

WILSHIRE OIL COMPANY OF TEXAS,
a corporation, Appellee.

No. 7911.

United States Court of Appeals
Tenth Circuit.

May 20, 1965.

James R. Eagleton, Tulsa, Okl. (Richard R. Hobbins, New York City, on the brief), for appellant.

Richard H. Shaw and Rodney O. McWhinney, Denver, Colo. (Robert J. Woolsey, Tulsa, Okl., on the brief), for appellee.

Before LEWIS and SETH, Circuit Judges, and DOYLE, District Judge.

DOYLE, District Judge.

This is an appeal from an order denying the application of Carey, Baxter & Kennedy, Inc., (here referred to as "C. B. K.") to intervene in an action wherein the appellee, Wilshire Oil Company of Texas (here called "Wilshire"), is plaintiff, and L. E. Riffe and R. L. Felts, are defendants.

The mentioned defendants were formerly employees of Wilshire. They operated the Riffe Petroleum Company, a division of Wilshire, prior to the sale of the Riffe assets to Carey, Baxter & Kennedy, Inc. On July 24, 1963, C. B. K. agreed to buy the assets of Riffe Petroleum Company and the transaction was consummated on August 9, 1963. As part of the sale Wilshire assigned to C. B. K. the employment contracts of Riffe and Felts. Some months after the Riffe sale, Wilshire started the action against Riffe and Felts alleging breach of fiduciary relations during the period that the defendants were employed by Wilshire and demanding as damages the amounts paid to them as salary during the period of their employment. C. B. K. sought to intervene pursuant to Rule 24(a) alleging in its application that the representation of its interests is, or may be, in-

adequate, and that it is, or may be bound by the judgment in the action; and secondly, that it is so situated as to be adversely affected by distribution or other disposition of property which is in the custody or subject to the control or disposition of the court.

In essence, C. B. K. maintains that by virtue of the sale and assignment, it owns the contracts of Riffe and Felts and that as a consequence plaintiff has no right to damages growing out of the employment of Riffe and Felts—that such rights, if they exist, have inured to C. B. K., to be asserted by it only. C. B. K. also argues that the good will and trade secrets of Riffe Petroleum are exposed to injury and that this is property which is in the custody of the court or is subject to its disposition. It thus asserts

that its interests are being inadequately represented and that it may be bound by a judgment or that it is so situated as to be adversely affected by a disposition of property which is in the custody or under the control of the court. Both subsection (2) and (3) of Rule 24(a) are thus relied on in support of C. B. K.'s claim that it is entitled to intervene as of right.[1]

The trial court denied the application on both grounds, making findings and conclusions generally holding that the tendered answer failed to show that the interests asserted by Wilshire had been assigned and that there was not a requisite showing of inadequate representation or of binding judgment or of disposition of property which would adversely affect it.[2]

---

1. Rule 24(a), Federal Rules of Civil Procedure, provides:

   "Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United State confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof."

2. "The subject matter of this action consists of the claims against Defendants for alleged breaches of employment contracts and alleged breaches of fiduciary duties occurring before May 31, 1963. The Applicant asserts that Plaintiff has assigned these claims to it by virtue of the sale of the assets of the Riffe Division to it, including the assignment of the emloyment contracts. The Applicant's proposed pleadings fail to state facts showing an assignment of these claims against Defendants to the Aplicant. On the contrary, the exhibits attached to the Applicant's Answer and Counterclaims demonstrate that the claims were not assigned to Applicant by Plaintiff.

   "The Court finds and concludes that the Applicant does not have an interest in the property that is the subject matter of this action; and, further, that the

Applicant is not so situated as to be adversely affected by any distribution or disposition of the property which is in the custody or subject to the control or disposition of the Court in this action.

   \* \* \* \* \*

   "The Applicant has failed to show that its interests are of such a nature that it may be bound by the direct legal operation of any judgment that may be awarded.

   "The Applicant's interests in trade secrets, trade practices and other secret information will not be so affected by any judgment that may be entered in the main action as to entitle Applicant to intervene herein under F.R.C.P. 24(a) (2).

   "The good will referred to at length in Applicant's brief is an asset of the Riffe Petroleum Company, Inc., and not an asset of the Applicant, even though Applicant is the only stockholder of that corporation. Even assuming, however, that Applicant itself has a sufficient interest in the good will, this interest will not be affected by the direct legal operation of a judgment.

   "The Applicant has alleged insufficient facts in its proposed pleadings to show that it has or may have an interest in the damages that Plaintiff may recover. Having no interest, it cannot be bound by the judgment.

   \* \* \* \* \*

   "Applicant has also failed to show that its interest may not be adequately represented by the existing parties.

   "The Court finds and concludes that Applicant has failed to show either that

■■ There is also a procedural issue which must be determined. Wilshire has moved to dismiss the appeal on the ground that the judgment of the trial court is not in the record. The written findings and conclusions are before us. Wilshire contends however, that the clerk's entry of judgment is not in the record and hence there is no assurance that it was ever entered; that there is not a judgment to review. This motion is without merit. It is the duty of the clerk to enter the judgment on the civil docket. See Rules 58 and 79(a), Federal Rules of Civil Procedure. It must be presumed that the clerk performed this duty and Wilshire does not seriously question this. Nor is the finality of the court's order denying the intervention questioned. The contention thus reduces to a most technical one which does not merit attention. It would be indeed impractical to dismiss or even stay this appeal so as to obtain the showing demanded. We conclude that the findings and conclusions furnish the requisite evidence of the judgment appealed from so as to render unnecessary the final entry.

■ We now consider the question whether C. B. K. has an interest which will be inadequately represented or in the alternative whether it will be bound by a judgment in the action. (Rule 24(a) (2))

The significant fact here is that C. B. K. seeks to intervene on the side of the defendants.

C. B. K. does not assert a claim to the damages which Wilshire has demanded. They merely try to bolster the defense of Riffe and Felts. It has to be concluded, therefore, that the only interest that C. B. K. has is indirect. If Riffe and Felts are made to respond in damages it could conceivably affect the relationship between C. B. K. and these defendants. Is such an indirect interest sufficient? We think not. The interests are those of Riffe and Felts, and not of C. B. K. The fact that C. B. K. also asserts a

the representations of its interest by existing parties is or may be inadequate,

counterclaim is not a factor in assessing its right to intervene under Rule 24(a) (2). Farmland Irrigation Co. v. Dopplmaier, 220 F.2d 247 (9 Cir., 1955).

Nor can it be said that C. B. K. would be bound by a judgment. Indeed, this matter came in for specific consideration in the trial court. Counsel for Wilshire committed himself on the subject when he said:

"Mr. Shaw: May I speak to that, your Honor? Of course we don't agree with that at all. There is nothing in the world that is res judicata as to Carey, Baxter & Kennedy, preventing them from going and asserting any rights they want to assert against Wilshire Oil Company and they already have, as a matter of fact, filed a lawsuit in the District Court in Tulsa, which has been in abeyance pending the outcome of the motion to intervene in this action. They filed that along about last February, didn't they, Mr. Woolsey?"

Further remarks were made by the Court and counsel bearing upon the question whether Riffe and Felts could maintain at the trial that the claims asserted by Wilshire had been assigned, as follows:

"Mr. Thornton: May it please the Court, your Honor, the defendants Riffe and Falk and Murray would like to have your order say something to the effect that this question of the assignment, the determination of this question as to Carey, Baxter & Kennedy's intervening motion is not determinative of their position in the lawsuit on its merits. We may have a right during the trial if we have sufficient evidence to show there was an assignment to present that question at that time.

"The Court: Well, I don't think that order affects anyone except Carey, Baxter, Kennedy.

or that the Applicant is or may be bound by judgment in this action."

"Mr. Thornton: All right. That's all.

"The Court: I have never construed it any other way."

Neither the ruling on the motion to intervene holding that the tendered pleading fails to show an interest in the subject matter, nor the ruling of the Court denying the motion, can be regarded as a holding by the Court binding upon C. B. K. with respect to their substantive rights in the employment contracts which have been mentioned. Since this is clear from the record and because a judgment against the individuals could not bind C. B. K., it follows that the trial court was not in error in denying the application based upon either inadequate representation or upon the contention that C. B K. may be bound by the judgments. See Sutphen, Inc. v. United States, 342 U.S. 19, 72 S.Ct. 14, 96 L.Ed. 19 (1951); Sam Fox Publishing Co. v. United States, 366 U.S. 683, 81 S.Ct. 1309, 6 L.Ed.2d 604 (1961).

The further argument of C. B. K. is that there is property in the custody of the Court consisting of the following: The salaries paid to Riffe and Felts, (it being claimed that these are assets which were sold to C. B. K.); the employment agreements assigned to C. B. K. (With respect to these, it is argued that they would be rendered valueless if Wilshire succeeds in its action); trade secrets which will be divulged to Wilshire and others through discovery conducted by Wilshire; the good will of Riffe Petroleum Company which it is said will be destroyed if Wilshire succeeds in its action.

As to the ownership of salaries, it is to be noted that C. B. K. does not claim any right to recover these amounts. Moreover, contrary to C. B. K.'s contention, it does not appear that the actions are in rescission, whereby the employment contracts would be rendered void and unenforceable. On the contrary, the actions appear to involve affirmance and damages against the individuals. Nor does it appear that there are any trade secrets directly involved, and if this should eventuate, the Court would be empowered even without the presence of C. B. K. to protect any such property rights. In other words, intervention is not the only remedy open to C. B. K. or the defendants with regard to these items. The case of Formulabs, Inc. v. Hartley Pen Co., 275 F.2d 52 (1960) is here inapplicable. The District Court's holding that the good will of Riffe Petroleum Company and the employment contracts did not constitute property within its control or subject to its disposition, is supported by the evidence because it does not appear that either item is in the custody of the Court or is subject to disposition by order of the Court. Even if the applicable test were that of "adversely affected," intervention would not be proper here because the adverse effect is so remote and insubstantial as to be virtually nonexistent. In any event, Rule 24(a)(2)(3) would appear to be directed toward actions *in rem* or in the nature of interpleader and situations such as that which was present in Formulabs, supra.

Therefore, inasmuch as C. B. K. has failed to demonstrate the presence of property in the control or subject to the disposition of the District Court, its motion to intervene pursuant to Rule 24(a)(3) must also be denied. Therefore,

The judgment of the District Court is affirmed.