**Anderson ROGERS, Petitioner,**

v.

**Louis S. NELSON, Warden, San Quentin State Prison, Respondent.**

**No. 50779.**

United States District Court
N. D. California.

May 28, 1969.

Anderson Rogers in pro. per.

Thomas C. Lynch, Atty. Gen. of California, San Francisco, Cal., with John T. Murphy and Timothy G. Laddish, Deputy Attys. Gen., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

WOLLENBERG, District Judge.

Petitioner, Anderson Rogers, is presently imprisoned in the California State Prison at San Quentin, California, pursuant to a conviction in the Superior Court of Alameda County on September 19, 1963 for second degree robbery (Cal. Penal Code, sec. 211). Petitioner at that time admitted having three prior felony convictions, to wit: (1) a conviction in Louisiana on April 5, 1936, for assault with intent to commit rape; (2) a conviction in New Jersey on September 4, 1944, for assault with intent to commit robbery; (3) a conviction in New Jersey on November 7, 1946 for murder. Robbery in the second degree is punishable by imprisonment in the state prison for not less than one year, with a maximum term of life imprisonment. Cal. Penal Code, §§ 213, 671.

In August, 1964 petitioner applied to the sentencing court for coram nobis relief on grounds which are not raised in the present matter; relief was denied on August 27, 1964.

Also in August, 1964 petitioner filed a petition for habeas corpus relief with the District Court of Appeal, Third Appellate District. This petition, based on grounds not raised in the present matter, was denied on August 27, 1964.

Petitioner then made two unsuccessful petitions to the California Supreme

Court. The Attorney General for the State of California contends in his return here that these petitions did not "specifically raise the issues" presented now, and this contention must be accepted in the light of petitioner's failure to challenge it in his traverse filed herein. Petitioner then filed a third petition with the California Supreme Court which was almost identical with the petition filed here, and this petition was denied without opinion (the so-called "post-card" decision) on September 18, 1968.

In the petition now before this Court, petitioner in effect is challenging his Louisiana conviction in 1936—he contends that at his trial leading up to that conviction he was not given the benefit of counsel, in violation of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Petitioner argues that the existence of this conviction adversely affects him at present since it may serve to lengthen the time before the California Adult Authority will grant him parole.

 Whether the 1936 Louisiana conviction did in fact violate *Gideon,* and whether it can be said to have any likelihood of effect on petitioner's parole, are questions which this Court need not now decide, for it is apparent that petitioner has failed to properly exhaust his remedies in the state courts. See Conway v. Wilson, 368 F.2d 485 (9th Cir. 1966), cert. denied, 386 U.S. 925, 87 S.Ct. 897, 17 L.Ed.2d 798 (1967). It is the rule in California that in order to be entitled to a decision on the merits, a habeas petitioner must raise the pertinent issues in the lower state courts before filing a petition in the California Supreme Court, for the California appellate courts have discretion to refuse to exercise jurisdiction when a habeas corpus petition dealing with the same issues has not been presented to an appropriate lower court. See In re Hillery, 202 Cal.App.2d 293, 294, 20 Cal.Rptr. 759 (1962); In re Elias, 209 Cal.App.2d 262, 264, 25 Cal. Rptr. 739 (1962). The Attorney General has produced sufficient evidence in his return to show that petitioner has not raised the present issue in either a California Superior Court or a District Court of Appeal before taking this issue to the California Supreme Court. In these circumstances it is appropriate to assume the California Supreme Court's summary denial of petitioner's latest petition was not a denial going to the merits, but rather was based on petitioner's failure to first raise the issue in the lower state courts. There is thus "a significant probability that a presently available state remedy has been ineffectively invoked due to state rules of procedure, [so that] judicious application of the presumption of regularity as to state judicial administration requires a dismissal of the federal petition because it is premature." Gardella v. Field, 291 F.Supp. 107, 114 (D.C.C.D. Cal.1968).

Accordingly, petitioner's request for habeas corpus is denied.