Frances **HANNON**, Appellant,

v.

Marion **HANNON** and Michael **Hannon**, Appellees.

No. 14133.

United States Court of Appeals, Fourth Circuit.

May 21, 1970.

Alfred L. Hiss, Arlington, Va., on brief for appellant.

Frank B. Tavenner, Woodstock, Va., on brief for appellees.

Before BRYAN, WINTER, and CRAVEN, Circuit Judges.

PER CURIAM:

In this appeal from a judgment against the defendant-appellant in the amount of five thousand dollars we find oral argument unnecessary and summarily affirm.

The plaintiffs filed a complaint for libel against the defendant; jurisdiction was based on diversity of citizenship. On July 30, 1968 the parties agreed to a settlement in open court, which settlement was approved by the District Judge and recorded on the docket. The terms of the settlement provided that the defendant should convey certain property in the District of Columbia to the plaintiff Michael Hannon and pay the plaintiffs two thousand dollars. The defendant admitted the falsity of the statements in question and tendered an apology. The settlement further provided that if the defendant failed to comply with its terms within thirty days, judgment would be entered for the plaintiffs in the amount of five thousand dollars; if the defendant did comply, the case was to be dismissed. The defendant failed to comply, and judgment was accordingly entered on October 13, 1969.

On appeal the defendant offers no reason for finding the entry of judgment erroneous, but seeks to reopen the litigation on the merits of the original dispute. However, a valid settlement is binding on the parties, even though the proposed order was not signed by the judge. See Hyman v. McLendon, 140 F.2d 76 (4 Cir. 1944). The defendant offers no reason why we should hold the settlement invalid, except to assert that she entered into it because she desired to spare her husband an appearance in court and the embarrassment and other possible ill effects of protracted litigation. We cannot agree that such a consideration constituted duress.

The defendant further asserts that even if the settlement is valid, judgment should have been entered only in the amount of two thousand dollars because her husband, who had an interest in the property to be conveyed, has since died and she asserts that his interest passed by operation of law to the plaintiff Marion Hannon.[1] We cannot accept this argument. The defendant was in default of her obligation under the settlement at all times subsequent to August 29, 1968, the last day under the settlement on which she could have performed as required. At any and all times thereafter the plaintiffs were entitled to a judgment in the amount agreed upon. The defendant's husband died on December 26, 1968, four months after that date. Whatever transfers of property may have been effected by the death of the defendant's husband months after the plaintiffs had already become entitled to a judgment, could not defeat rights already accrued to them. Nor is the fact that the plaintiffs did not seek the entry of a final judgment immediately upon the defendant's failure to perform her obligation under the settlement agreement a ground for holding the judgment invalid when the defendant has

1. The District Court found it unnecessary to determine whether title to the property had passed as asserted by the defendant, and we agree.

failed to make any showing of prejudice growing out of the delay. Rule 58, F.R. Civ.P. See, e. g., Greenwood v. Greenwood, 234 F.2d 276 (3 Cir. 1956).

Affirmed.