Richard Fernando PEREZ, Petitioner,

v.

Walter E. CRAVEN, Warden, Respondent.

Civ. Nos. 69-2451, 69-1128.

United States District Court,
C. D. California.

June 29, 1970.

Richard Fernando Perez in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Jack K. Weber, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

## ORDER DENYING PETITIONS FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner is a California State prisoner currently incarcerated at Folsom State Prison, Represa, California pursuant to three commitments from the Superior Court for the County of Los Angeles. Petitioner was originally committed in January, 1950 for the offense of Rape. After being released on parole, Petitioner was returned to confinement in April, 1956 as a parole violator with a new term for Possession of Narcotics. Petitioner was reparoled in January, 1962, and was again returned to prison in February, 1963 as a parole violator with a new commitment for Robbery.

Petitioner has filed two Petitions for Writ of Habeas Corpus with this Court, 69–1128–AAH and 69–2451–AAH, and for the purposes of this Order, we have consolidated the two applications. In Civil No. 69–1128–AAH, Petitioner alleges that his 1962 conviction and sentence for Robbery are invalid because his guilty plea was not made voluntarily and intelligently, he was denied counsel at his preliminary hearing, and he was denied the right to a "speedy trial". In Civil No. 69–2451–AAH, Petitioner contends that his 1949 conviction and sentence for Rape are invalid because his guilty plea was a product of a coerced confession and ineffective assistance of counsel.

After reviewing the Petitions, the Responses, the Exhibits attached to the Petitions and the Responses, and the Points and Authorities of both parties, this Court is fully advised in the premises and thus orders that both Petitions be denied for the following reasons.

In Civil No. 69–1128–AAH, Petitioner alleges three factors that purportedly demonstrate that his 1962 plea of guilty was not made voluntarily and intelligently. First he contends that the plea was a product of coerced statements and evidence obtained from him during an illegal interrogation conducted in a related case. The other case is apparently another armed robbery that occurred in 1962, and in which the California Court of Appeal, Second Appellate District, Crim. No. 8791, February 17, 1965, in an unpublished opinion, reversed the conviction because Petitioner had not been properly advised of his constitutional rights by the interrogating policeman.

Petitioner does not point out any relationship between the two robberies and he does not specify any particular evidence that was borrowed from this other case. The facts given in the Court of Appeal decision show that the reversed conviction does not have any relationship whatsoever to the robbery conviction which is contested in the present application for post-conviction relief. It is apparent from the Reporter's Transcript of the Preliminary Hearing in the Municipal Court of Beverly Hills Judicial District, No. F–1764, September 21, 1962, that no incriminating statements of Petitioner were presented at the hearing, and that there was substantial evidence of Petitioner's guilt entirely independent of any coerced statements or other evidence obtained in any other case. Two of the victims of the robbery positively identified Petitioner as the perpetrator of the crime. Thus, it is obvious from all of the above that Petitioner's first allegation is not meritorious.

Petitioner next contends that his 1962 plea of guilty was a result of fear that the Prosecutor would invoke the California Habitual Criminal Act. Fear that the State will attempt to impose a legal sanction undoubtedly confronted Petitioner with a difficult choice, but that did not render his guilty plea involuntary. "We decline to hold, however, that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); and Smith v. Wilson, 373 F.2d 504 (9th Cir., 1967).

Finally, Petitioner impliedly alleges that his 1962 guilty plea was coerced by the ineffective assistance of counsel at the time of his plea in the Superior Court. Petitioner perfunctorily contends that his attorney was ineffective because counsel urged his client to plead guilty and did not investigate or discuss legal remedies with Petitioner. In view of the two witnesses who positively identified Petitioner at the Preliminary Hearing and the frivolous suggestions which Petitioner alleges he gave to his counsel (Ptn. pp. 3(b) and 3(c)), this Court finds that Petitioner has not sustained his burden of proving that "the service of counsel was of such a caliber as to amount to a farce or mockery of justice." Grove v. Wilson, 368 F.2d 414, 416 (9th Cir., 1966); and Knowles v. Gladden, 378 F.2d 761 (9th Cir., 1967). Since the records in this case demonstrate that the advice of Petitioner's counsel was "within the range of competence demanded of attorneys in criminal cases", even if Petitioner's counsel did not properly assess all of the facts in this case, "it does not follow that his error was sufficient to render the plea unintelligent and entitle [Petitioner] to disavow his admission in open court that he committed the offense with which he was charged." Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970). Consequently, Petitioner has not successfully alleged that his guilty plea was the product of ineffective assistance of counsel.

The Reporter's Transcript of the Preliminary Hearing shows that Petitioner represented himself at the hearing, and Petitioner alleges in his application for post-conviction relief that he was denied the right to counsel at the preliminary hearing. In addition to showing that Petitioner represented himself, the Transcript demonstrates that the case had been postponed on a prior occasion in order to permit Petitioner to obtain representation. Petitioner had not been able to retain his own counsel and apparently refused to accept appointed counsel. Petitioner concedes in his application that he was offered appointed counsel, but Petitioner claims he refused this representation because the one available Public Defender

was already representing Petitioner's codefendant. (Ptn. p. 3(b)). In essence, Petitioner alleges that there would have been a conflict of interest if the same Public Defender represented both Petitioner and his codefendant. However, Petitioner fails to specify in any way what this potential conflict might have been. The records in this case conclusively demonstrate that Petitioner was not prejudiced by anything occurring at his Preliminary Hearing and that all of the witnesses there were adequately cross-examined by the counsel for Petitioner's codefendant. Considering all of the above, this Court feels secure in finding that Petitioner was not deprived of any constitutional right by not having counsel at his Preliminary Hearing. Allen v. Wilson, 365 F.2d 881 (9th Cir., 1966); and Wilson v. Harris, 351 F.2d 840 (9th Cir., 1965), cert. denied, 383 U.S. 951, 86 S.Ct. 1213, 16 L.Ed.2d 213 (1966).

The last contention in Civil No. 69–1128–AAH is that Petitioner's robbery trial was held in "abeyance for approximately 6–8 months, while other related matters were litigated throughout the County of Los Angeles." (Ptn. p. 3(a)). Like the other contentions in this application for post-conviction relief, this contention is without merit. Petitioner does not allege that the delays were intentional or that they prejudiced him in any way. It is established law in this Circuit that "The right to a speedy trial is relative, being consistent with delays as long as those delays are not 'purposeful or oppressive.' ". Maguire v. United States, 396 F.2d 327, 329 (9th Cir., 1968), cert. denied, 393 U.S. 1099, 89 S.Ct. 897, 21 L.Ed.2d 792 (1969). Petitioner did not request a "speedy trial", and it is clear that a claim that one has been denied a speedy trial "cannot be asserted unless he has asked for a speedy trial". This rule of law applies both where there is a delay in procuring an indictment and where there is a delay after an indictment has been obtained. Benson v. United States, 402 F.2d 576, 580–581 (9th Cir., 1968).

In his second Petition for Writ of Habeas Corpus in Civil No. 69–2451–AAH, Petitioner contends that his 1949 guilty plea was the product of a coerced confession and ineffective assistance of counsel. This Court finds the allegations of this second application are frivolous and without merit. Petitioner does not sustain his burden of proving that "the service of counsel was of such a caliber as to amount to a farce or mockery of justice." Grove v. Wilson, 368 F.2d 414, 416 (9th Cir., 1966). Hence this Court rejects Petitioner's claim that his counsel was ineffective and that his plea of guilty was made unintelligently. Since the beatings which lead to the coerced statements purportedly occurred about the date of petitioner's arrest on November 20, 1949, and petitioner's plea of guilty was not made until December 22, 1949, "we cannot believe that the alleged conduct of the police during the interrogation period was of such a nature or had such enduring effect as to make involuntary a plea of guilty entered over a month later." Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970). Further, since Petitioner did not begin to contest the validity of his 1949 sentence until 1968, and because the allegations in Case No. 69–2451–AAH assailing his 1949 confession and guilty plea are so similar to the allegations in Case No. 69–1128–AAH attacking his 1962 plea of guilty, this Court is compelled to the conclusion that Petitioner's allegations in the second Petition are a recent fabrication.

From the preceding analysis of Petitioner's contentions, it is apparent that there are no grounds or reasons of any kind to grant an evidentiary hearing, or to support the issuance of a writ of habeas corpus. Petitioner is not entitled to any relief since he does not demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241 (c) (3) (1959); In re Burrus, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500 (1890);

and Martinez v. Wilson, 357 F.2d 173 (9th Cir., 1966).

Therefore, it is hereby ordered that the Petitions for Writ of Habeas Corpus be, and the same are, denied.