Doyle **RAWLINS**, Petitioner,

v.

Walter E. **CRAVEN**, Warden, Respondent.

Civ. No. 71–214.

United States District Court, C. D. California.

June 17, 1971.

Doyle Rawlins, in pro. per.

Evelle J. Younger, Atty. Gen., William E. James, Asst. Atty. Gen., Jack K. Weber, Deputy Atty. Gen., Los Angeles, Cal., for repsondent.

HAUK, District Judge.

Petitioner is in Folsom Prison following his jury conviction for violation of Penal Code § 245 (Assault by means of force likely to produce great bodily injury). He was sentenced by the Riverside County Superior Court in 1968 for the term prescribed by law, 6 months to 10 years. His conviction was affirmed on appeal by the California Court of Appeal, Fourth Appellate District, and hearing was denied by the California Supreme Court. Thereafter, his Motion to Recall the Remittitur was denied by the Court of Appeal, rehearing was denied, and Motion for Hearing (also called Petition for Habeas Corpus) was denied by the Supreme Court without opinion.

It might well be held that Petitioner has failed to exhaust his state remedies, since the Supreme Court denial of Petition for Writ of Habeas Corpus might well be presumed to have been based on Petitioner's failure to present the issues first in the appropriate lower courts. Rogers v. Nelson, 300 F.Supp. 421 (N.D. Cal.1969); Gardella v. Field, 291 F.Supp. 107 (C.D.Cal.1967). However, the Court is prepared to consider this present Petition on its merits, the contentions being that:

1. He was denied due process and a fair trial by failure to instruct the jury on a lesser, necessarily included offense, viz., Assault (Penal Code § 240).

2. Trial counsel was ineffective in failing to request such an instruction, thus depriving him of a crucial defense.

3. Appellate counsel was ineffective in not urging the above ground on appeal, but instead arguing a theory contrary to established law.

After reviewing the Petition, the Response, the Traverse, points and authorities cited therein, the unpublished Opinion of the Court of Appeal, Clerk's and Reporter's transcripts on appeal, and the Petition to the State Supreme Court entitled "Petition for Hearing and/or Writ of Habeas Corpus," the Court is fully advised in the premises and thus orders that the Petition for Writ of Habeas Corpus be denied for the following reasons.

■ ■ It is well established that claims of error in state jury instructions are state matters and involve no federal constitutional questions, unless they amount to a deprivation of due process. Shepherd v. Nelson, 432 F.2d 1045 (9th Cir. 1970); LaBrasca v. Misterly, 423 F.2d 708 (9th Cir. 1970). No such deprivation is shown here.

Although federal courts do not require the giving of an unrequested instruction (Rule 30 F.R.Crim.P.), California has held that the Court must instruct *sua sponte* on general principles of law relevant to the issues raised by the evidence, such general principles being "those principles of law commonly or closely and openly connected with the facts of the case before the court." People v. Hood, 1 Cal.3d 444, 82 Cal.Rptr. 618, 462 P.2d 370 (1969). This rule, relied upon by Petitioner, has no application under the facts of his case.

It is uncontroverted that a tire iron was used in the attack, and this Petitioner did not deny (R.T. 46, 48–49), but based his defense on a theory of self-defense. In the California cases holding that an instruction on simple assault should have been given as a necessarily included offense under a greater charge, either no weapon was used, or the defense was based on denial of the use of a weapon. People v. Cooper, 268 Cal.App.2d 34, 73 Cal.Rptr. 608 (1968); People v. Roth, 228 Cal.App.2d 522, 39 Cal.Rptr. 582 (1964). In a case where, as here, there was no question about the presence and use of a weapon, the Court has held that there was simply no evidence to justify a simple assault, and the defendant must either have been found guilty of the offense charged

or not guilty. People v. Fleig, 253 Cal. App.2d 634, 61 Cal.Rptr. 397 (1967).

Petitioner's testimony and argument that he swung the tire iron lightly, and that there was no serious injury because the skin was not broken and the victim suffered only a "knot" on his face are not compelling and involve no due process question. The question of whether there is a likelihood of great bodily harm as a result of the means used to commit an assault is essentially a question of fact for the jury, upon all the evidence, including but not limited to the injury inflicted. People v. Colbert, 6 Cal.App. 3d 79, 85 Cal.Rptr. 617 (1970); People v. Muir, 244 Cal.App.2d 598, 53. Cal. Rptr. 398 (1966).

■ Thus, counsel at trial was not ineffective in failing to request such an instruction under Penal Code § 240. Even if such an instruction had been requested, it is not error to refuse it if the evidence clearly shows guilt of the lesser offense, and the only question is whether he was guilty of the offense charged. People v. Allison, 245 Cal. App.2d 568, 574, 54 Cal.Rptr. 148 (1964). Without detailing the facts set forth in the unpublished Opinion at pages 2 and 3, it is clear that there was an assault, and the jury felt that there was no self-defense involved. In People v. Grigsby, 275 Cal.App.2d 767, 80 Cal.Rptr. 294 (1969), the Court said that it stretches the imagination that the defendant would have been exonerated of the major offense even had an instruction on simple assault been given. Absent error, it is not reasonably possible that a result more favorable to the defendant would have been reached. People v. Cooper, 10 Cal. App.3d 96, 88 Cal.Rptr. 919 (1970).

All of this concurs with Federal Court holdings, and fails to show a denial of due process. Petitioner concedes that the evidence was sufficient to convict (Supreme Court Motion p. 7), and this Court will not reweigh the evidence. Fernandez v. Klinger, 346 F.2d 110 (9th Cir. 1965).

Additionally, Respondent urges that counsel's failure to request such an instruction was a matter of trial tactics (Resp. p. 6-7). If it be so construed, although it may be unwise in retrospect, it does not rise to the level of deprivation of due process through ineffectiveness. Johnson v. Craven, 432 F.2d 418 (9th Cir. 1970). In any case, it is clear that the trial Court would properly have refused the request for such an instruction. In view of the overwhelming evidence of guilt, and even if there were error either by Court or by counsel, it must be said that it is harmless beyond a reasonable doubt. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L. Ed.2d 705 (1967).

■ Finally, Petitioner complains of ineffectiveness of counsel on appeal. It should be noted that the standards of competence apply equally to trial and appellate counsel. "Due process does not require 'errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance.'" Brubaker v. Dickson, 310 F.2d 30, 37 (9th Cir. 1967). Petitioner has not shown here that counsel on appeal was so ineffective as to reduce the proceeding to a farce or mockery of justice. Wright v. Craven, 412 F.2d 915, 917 (9th Cir. 1969). Nor does it suffice if it is argued that possibly something could have been done which was not done, Duarte v. Field, 297 F.Supp. 41, 43 (C. D.Cal.1969), which is exactly what Petitioner is doing when he claims that counsel should have argued failure to include the instruction on simple assault as the ground for reversal on appeal.

Under the mandate of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel on appeal is required to brief any point which might conceivably have merit to support the appeal. In the light of the California law concerning assault as a necessarily included offense in the greater offense

charged, it would obviously have been futile—perhaps even frivolous—to raise that point. Instead, counsel attempted to argue that an instruction should have been given on Battery (Penal Code § 242) as a lesser, necessarily included offense, since there was a "touching" involved in this case, but the Appellate Court ruled against him (Opinion p. 4). There was just nothing meritorious to argue, and since we have shown that Petitioner was not entitled to an assault instruction at his trial, it must be concluded that counsel on appeal was not ineffective for not raising this obviously untenable point.

It should be noted that the matter of necessarily included offenses having thus been brought before the Court of Appeal, it seems most unlikely that they would not review the question in toto. Although the offense urged was held not to be a necessarily included offense, we are satisfied that the Court would have reversed the conviction had they perceived *any* necessarily included offenses on which instructions were not given and that such failure was prejudicial.

Petitioner has attempted to bring himself within the purview of various subsections of 28 U.S.C. § 2254(d), but has failed to sustain that burden. The record clearly shows that he has had a full and fair hearing in the State, and that the fact finding processes were more than adequate to protect his constitutional rights. Since the record precludes any credible dispute of facts, no hearing is necessary here. Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Owens v. Eyman, 434 F.2d 1062 (9th Cir. 1970). Petitioner has not demonstrated that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c) (3). In re Burrus, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500 (1890); Martinez v. Wilson, 357 F.2d 173 (9th Cir. 1966); Perez v. Craven, 314 F.Supp. 867, 870 (C.D. Cal.1970).

It is therefore ordered as follows:

1. The within Petition for Writ of Habeas Corpus is denied.

2. The Clerk of the Court shall serve copies of this Order, by United States mail, on the Petitioner and on the Attorney General of the State of California.