**Harry H. FOILES, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant and Third-Party Plaintiff-Appellant,**

v.

**Alphonse T. INDRELUNAS, Third-Party Defendant-Appellee.**

**No. 71–1515.**

United States Court of Appeals, Seventh Circuit.

Argued April 25, 1972.

Decided July 5, 1972.

Rehearing Denied Aug. 22, 1972.

**164**

James R. Thompson, Chicago, Ill., Johnnie M. Walters, Richard Halberstein, Attys., Tax Div., Dept. of Justice, Washington, D. C., Fred B. Ugast, Acting Asst. Atty. Gen., Meyer Rothwacks, Richard W. Perkins, Attys., Tax Div., Dept. of Justice, Washington, D. C., for defendant and third-party plaintiff-appellant.

Edward J. Calihan, Jr., Chicago, Ill., for plaintiff-appellee.

Before KILEY and STEVENS, Circuit Judges, and LARAMORE,* Senior Judge.

LARAMORE, Senior Judge.

This is an appeal by the United States of America, originally the third-party plaintiff, from the jury verdict and judgment in the District Court for the Northern District of Illinois, in favor of Alphonse T. Indrelunas, originally the third-party defendant. The decision of the lower court, pursuant to the verdict of the jury, was that defendant, the president of A. T. I. Trucking Corporation, was not liable for the 100 percent penalty assessed against him for his alleged willful failure to pay over withholding taxes due for 1960–1962 from the said A. T. I. Trucking Corporation. The assessment was made under sections 6671 and 6672 of the Internal Revenue Code of 1954, alleging that defendant was the responsible party and that the failure to pay over the withholding taxes was willful. The original decision in this case also included reference to Harry H. Foiles, the original complainant in the case, who was the treasurer and vice president of A. T. I. Corporation and who was also found not liable under the same statute. Said verdict, which was in reference to liability only, the amount in controversy having been stipulated by the parties, was rendered on March 21, 1969. On that same day the District Court Clerk entered the decision of the jury on the appropriate docket for this case pursuant to oral instructions from

---

* Senior Judge Don N. Laramore of the United States Court of Claims is sitting by designation.

the bench that the verdicts be entered of record and that there be judgment on the verdicts so entered. As noted, this verdict was with reference to Foiles, the original complainant, and Indrelunas, the third-party defendant; however, following rendition of the verdict, the government initially decided only to appeal the case as to Harry H. Foiles. Thus, on July 9, 1970, the government filed a notice of appeal as to Harry Foiles but, as the title of this case indicates, that appeal was eventually abandoned when the government chose to pursue its avenues of recovery with reference only to Alphonse T. Indrelunas instead of Mr. Foiles. The specifics of why that decision was made is unknown to the court but the mechanics of putting that decision into effect has caused this court and the lower court no little concern.

Following the notice of appeal on July 9, 1970, it appears that no further significant action was taken by the government until February 23, 1971, some 23 months following the original decision. At that time a motion was filed by the United States to direct entry of judgment in the original case against the United States and in favor of Harry H. Foiles and Alphonse T. Indrelunas. It appears, and the government so admits (page 7, government brief, footnote 6), that the motion was made solely for the purpose of allowing the appeal against Alphonse T. Indrelunas. In that motion the government contended that the docket entry of judgment made by the clerk at the behest of the District Court following the jury verdict was not the type of formal judgment required by Rule 58, Fed.R.Civ.P., to start the statute of limitations for appeals running (Rule 4, Fed.R. of App.Pro.). The government pointed out that Rule 58 contains the sentence "[e]very judgment shall be set forth on a separate document." Therefore, contends the government, since the files in this case did not contain such a separate document referring to final judgment in favor of Foiles and Indrelunas, as so required by Rule 58, such a separate document should be included forthwith. And, it is not until the inclusion thereof that the applicable time limits for appeal would begin.

On February 25, 1971, pursuant to the motions described above, the District Court ordered that formal judgments be entered in favor of Foiles and Indrelunas. This action was taken following the court's Memorandum Opinion and Order wherein Judge Parsons set forth his decision to grant the government's motion with respect to the formal requirements of entering judgment. It is that decision which will hereinafter be reviewed and because we cannot agree with the District Court as to the procedural issue heretofore described, we do not address ourselves to the merits of this case.

Judge Parsons, in his Memorandum Opinion and Order, ruled in favor of the government upon their assertion that the separate document must be included before the case is appealable. His reasoning for doing so included reference to Moore's Federal Practice, in general, and the case of United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958), to be discussed *infra*. However, as it appears to this court, greatest reliance for the decision below was placed upon a decision of this circuit in Funk v. Franklin Life Insurance Company, 392 F.2d 913, 915 (7th Cir. 1968); Home Fed. Savings & Loan Ass'n. v. Republic Ins. Co., 405 F.2d 18 (7th Cir. 1968), wherein it was 'held that a docket entry and minute order containing the language, "[e]nter judgment on the verdict for plaintiffs for the sum due under the policy of insurance, to be computed," was not a *final* appealable order.

Upon carefully considering the *Funk* case it will be noted that the issue concerning the docket entry was in reference to *finality* not an issue relating to sufficiency of the entry for purposes of starting the time limits for appeal. Indeed, the *Funk* decision refers to Cohen v. Beneficial Industrial Loan Corporation, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1948), as supporting au-

thority. The *Cohen* case, however, speaking generally of appealability at the portion cited by *Funk,* merely recites the well-founded principle that only final judgments are appealable and "[s]o long as the matter remains open, unfinished or inconclusive, there may be no * * * appeal." There can be no dispute with this general proposition and indeed the court in *Funk* was correct in so citing *Cohen.* However, both *Funk* and *Cohen* were referring to an incomplete verdict and in the *Funk* case the decision of the jury was neither final nor conclusive since it left open the amount of recovery for further proceedings. However, that is not our case here. In this case there can be no question that the case was complete upon the rendering of the verdict. The terms of that verdict are clear and unequivocal and nothing remained to be resolved following its rendition and entry since the amount of recovery had been stipulated and the sole issue for determination by the jury was that of liability. Thus, we have no problem with finality as was the case in *Funk* and for that reason we think *Funk* is not applicable to the case at bar. Nevertheless, the problem presented is far from being resolved once *Funk* is repudiated as authority for the District Court's decision below.

The real problem raised by this case, *i. e.,* interpreting Rule 58, Fed.R.Civ.P., results from the 1963 revision of Rule 58. Prior to that time the problem presented herein would not have arisen since Rule 58 did not make reference to a separate document setting forth every judgment. This again emphasizes our dilemma here, which is, does the Rule as it now reads require that in *every* case a separate document must be on file before the time limits for appeal begin to

run? Further isolating the issue, we are not concerned with the sufficiency of the docket entry and minute order because there is no dispute that the court ordered such and the clerk entered the verdict on the appropriate docket (See Rule 79(a), Fed.R.Civ.P.).

As mentioned above, Federal Rule 58 was amended in 1963. It now reads as follows:

### Entry of Judgment.

Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a). Entry of the judgment shall not be delayed for the taxing of costs. Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course.

As amended Dec. 27, 1946, eff. March 19, 1948; Jan. 21, 1963, eff. July 1, 1963.

The changes made by the 1963 revision [1] were designed, according to the Notes of

---

1. The rule as it read before revision is as follows:

"Unless the court otherwise directs and subject to the provisions of Rule 54(b), judgment upon the verdict of a jury shall be entered forthwith by the clerk; but the court shall direct the appropriate judgment to be entered upon a special verdict or upon a general ver-

dict accompanied by answers to interrogatories returned by a jury pursuant to Rule 49. When the court directs that a party recover only money or costs or that all relief be denied, the clerk shall enter judgment forthwith upon receipt by him of the direction; but when the court directs entry of judgment for other relief, the judge

the Advisory Committee on Rules, to emphasize the difference between the type of verdicts referred to in clause (1) of the Rule, i. e., those that involve uncomplicated, straightforward decisions of the jury or the court, and those described in clause (2) of the Rule which are of a more complicated nature. [See, 28 U.S.C.A., Rules 52 to 58 (1971)]. Thus, in speaking of the clause (1) type judgments, the Notes recite:

In the first situation, it is clear that the clerk should enter the judgment without awaiting a direction by the court unless the court otherwise orders. * * * The amended rule accordingly deals with them as a single group in clause (1) * * * and requires the clerk to prepare, sign, and enter them forthwith, without awaiting court direction * * *. The more complicated judgments described in clause (2) must be approved by the court before they are entered.

Again referring to the clause (1)-type judgments, Moore's Federal Practice, Volume 6A, 1971 Supplement, page 52, recites:

* * * Thus in regard to these simple, absolute conclusions, whether by a jury or the court, except in the extraordinary situation where the court deems otherwise, the clerk is to go ahead and enter judgment immediately. In these essentially "yes-or-no" determinations there is no reason for delay due to framing a judgment.

In addition to and in conjunction with the changes referred to above, another more important change was made by the 1963 revision to Rule 58. That change, the significant one for purposes of this case, was the addition of the phrase "[e]very judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)." As

explained by the Notes of the Advisory Committee, supra, this change was made to alleviate the problems exemplified by United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 78 S.Ct. 674, 2 L. Ed.2d 721 (1958), wherein the court wrote an opinion or memorandum containing some apparent directive or disposition. It was noted that in such instances the clerks have on occasion viewed such opinions or memoranda as being sufficient to satisfy the requirement set forth by the directive now included as clause (2) of the Rule. However, if the memorandum or opinion did not contain all the elements of a judgment, it became "a matter of doubt whether the purported entry of judgment was effective, starting the time running for post-verdict motions and for the purpose of appeal." (Notes of Advisory Committee, supra). Therefore, to alleviate the problem noted, the revision included the separate document requirement. However, and in our opinion, that requirement, since it was designed to eliminate confusion created by memoranda or opinions of the court written as a directive for entry of judgment, was aimed primarily at situations described by clause (2) of Rule 58 since clause (1) does not so require the directive from the court for entry of judgment.

■ In so interpreting the 1963 revisions of Rule 58 we are aware of certain authority which would favor the position that the separate document is relevant to the situation described in clause (1) as well as clause (2) of Federal Rule 58. See, e. g., Levin v. Wear Ever Aluminum, Inc., 427 F.2d 847 (3rd Cir. 1970); Jenkins v. United States, 325 F.2d 942 (3rd Cir. 1963); United States v. Evans, 365 F.2d 95 (10th Cir. 1966); Pure Oil Co. v. Boyne, 370 F.2d 121 (5th Cir. 1966). Nevertheless, we are of the opinion that when the jury verdict is

shall promptly settle or approve the form of the judgment and direct that it be entered by the clerk. The notation of a judgment in the civil docket as provided by Rule 79(a) constitutes the

entry of the judgment; and the judgment is not effective before such entry. The entry of the judgment shall not be delayed for the taxing of costs."

clear and unequivocal, setting forth a general verdict with reference to the sole question of liability and where nothing remains to be decided and when no opinion or memorandum is written, as is the situation described in clause (1) of Rule 58, there is no requirement for a separate document to start the time limits for appeal running. In this decision we find support not only from relevant case law, Eulo v. Deval Aerodynamics, Inc., 47 F.R.D. 35 (D.C.E.D.Pa.1969), rv'd in part, 430 F.2d 325 (3rd Cir. 1970), cert. denied, 401 U.S. 974, 91 S. Ct. 1191, 28 L.Ed.2d 323 (1970); *see also*, Hannon v. Hannon, 426 F.2d 771 (4th Cir. 1970); Carey, Baxter & Kennedy, Inc. v. Wilshire Oil Co., 346 F.2d 110, 112 (10th Cir. 1965), but also from the declared intention of the amendment to the rule as set forth by the Advisory Committee, to be discussed forthwith. In addition, we consider significant the attitude of the parties involved herein as indicated by the government's actions in filing a notice of appeal prior to the inclusion of the separate document.

■ As for the intent of the revision, the Notes of the Advisory Committee, *supra,* state that:

> Rule 58 is designed to encourage all reasonable speed in formulating and entering the judgment when the case has been decided. Participation by the attorneys through the submission of forms of judgment involves needless expenditure of time and effort and promotes delay, except in special cases where counsel's assistance can be of real value. *See,* Matteson v. United States, 240 F.2d 517, 518–19 (2nd Cir. 1956). Accordingly, the

amended rule provides that attorneys shall not submit forms of judgment unless directed to do so by the court. This applies to the judgments mentioned in clause (2) as well as clause (1).[2]

This statement, while directed specifically to the inclusion of the last sentence of the present Rule 58, also generally indicates the desire to encourage reasonable speed in entering judgment. It is, therefore, in our opinion, more in keeping with the purposes of the revision to hold that, in situations as straightforward as those described by the facts of this case, the period of limitations begins to run from the entry of judgment by the clerk.

■ Indeed, the docket in this case indicates that the government also thought the period of limitations had begun once the docket entry had been made: To wit; the docket for this case shows an entry on July 9, 1970 of "Filed Defendant's Notice of Appeal * * *." This Notice, filed some eight months prior to the February motion for entry of judgment, indicates to this court that the government believed the case to be ripe for appeal following the District Court's directive that entry of judgment be made and there be judgment on the verdicts as so entered.[3] In this case there was nothing left to be done by the court and everyone involved so understood the judgment to be final. It would, therefore, be somewhat absurd to hold that although all the parties involved understood the case to be at an end, the time limits for appeal would not begin to run until some undetermined point in the future when a formal docu-

---

2. If a separate document is in fact promptly filed in compliance with the language of the rule, we assume that the time to appeal would run from the date that document is filed.

3. That the intention of the parties is significant in a situation such as this is brought out by Securities & Exchange Commission v. Jean R. Veditz Co., 22 F.R.D. 479 (S.D.N.Y.1958) wherein it was stated:

" * * * [T]he touchstone is the understanding of the court, the parties and the clerk, as evidenced by their actions, as to whether the direction of the judge on which the clerk has acted was 'the judge's final act' and constituted his 'final judgment in the case' * * *. [T]his understanding of the court, counsel and clerk as to the finality of the judge's direction may be gathered from their attitude toward the clerk's notation."

ment was included in the file. In our opinion, the crucial element is that the parties understood the original decision to be final. This understanding, together with the entry of judgment on the docket, considered in context with the foregoing interpretation of the present Rule 58, Fed.R.Civ.P., lead us to the conclusion that the government's appeal in this case is untimely. A holding to the contrary would, in our opinion, allow undue advantage to be taken of a revision in Rule 58 which was intended to clarify and speed-up the entry of judgment, not provide an avenue for prolonging litigation. For example, if we were to find that such a formal document is an absolute necessity in every case, there would undoubtedly be cases that could remain appealable *ad infinitum*, notwithstanding the fact that all parties involved believed the case to be at an end. We, therefore, dismiss the defendant's appeal.